## 57614. BAILEY v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted in three counts for the offenses of rape, kidnapping and robbery. He was subsequently tried and convicted on all three counts and sentenced to serve 20 years on each count to run concurrently. A motion for new trial was duly filed, amended and overruled after a hearing. Defendant appeals. *Held:*

1. Testimony was produced at the trial that the victim, a student nurse and nursing assistant, was abducted in a parking lot at Georgia Baptist Hospital at about 9 p.m. at night when she opened the front and back doors of her automobile to place certain articles in the back seat. She was grabbed from behind, pushed into the back seat, a fight ensued, her keys were taken from her, she was then shoved in the front seat, tried to escape but was pulled back into the automobile at which time she lost a shoe which was later recovered by the police. She was choked, her nose was broken, she received black eyes, a bruised neck and a bruise on her hip. The victim testified that "previously he had told me when he was choking me that he was going to kill me. He said, 'I'll just kill you'." The testimony also disclosed that she was driven for 15 or 20 minutes to a location where she was raped in the back seat. She later escaped from the automobile when it was stopped at a traffic stop sign. She noticed a watch with a broken band on the arm of the assailant, along with two

scars. This physical evidence was later observed on an employee of Georgia Baptist Hospital, and he was identified by the victim. Another witness identified the automobile being driven back and parked by the defendant. The evidence was sufficient to support the verdict as to all three offenses. See *Toole v. State,* 146 Ga. App. 305 (1) (246 SE2d 338); *Cochran v. State,* 146 Ga. App. 414 (1) (246 SE2d 431). Despite the affidavits attached to the amended motion for new trial based upon the ground of newly discovered evidence involving an alleged mistake in identity of the defendant by the victim in that the defendant's common-law wife had located information that there had been a former employee by the name of Leroy Brown whom the victim had testified was the name of the culprit, yet this evidence does not dispute her identification of the defendant as the person who had abducted her (kidnapping) and then robbed and raped her. There is no merit in the contention that the trial court erred in refusing to grant a new trial based upon newly discovered evidence.

2. The remaining enumerations of error that the defendant's constitutional rights were violated in that due to his indigency he was not adequately represented by counsel and that the sentence was definitely excessive and showed an abuse of discretion are not meritorious. No citation of authority or reasons are given as to why these alleged enumerations amount to error. There is no evidence whatsoever that the trial counsel, who is not the same as appellate counsel, was not competent. The excessiveness of a sentence which in the case sub judice is noted to be three sentences of 20 years to be served concurrently and not consecutively cannot be said to be a basis for new trial. See *Harper v. State,* 14 Ga. App. 603 (4) (81 SE 817); *Bellinger v. State,* 116 Ga. 545 (3) (42 SE 747); *Guthrie v. State,* 125 Ga. 291 (2) (54 SE 180).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 5, 1979.

*Grace W. Thomas,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.