## 61253. HUTTO v. THE STATE.

BIRDSONG, Judge.

Extraordinary motion for new trial. Charles Buddy Hutto entered a plea of guilty in September, 1976, to a charge of rape of an 11-year-old child. At the time Hutto was 17. There is no contention that the plea of guilty was coerced or made with lack of understanding

as to the meaning or effect. Hutto was represented by counsel and indicated that he expected a recommendation by the state for a 10-year sentence. The court imposed a 10-year sentence upon satisfying itself that the plea of guilty was providently entered.

In 1980, Hutto's sister reestablished contact with the victim, by then 15 years old. The victim indicated in a conversation with the sister and by affidavits that she had accused Hutto of rape only because of family pressure and that, in fact, Hutto had never engaged in any sexual activity with her. She made affidavits to the sister and to an attorney and later before a justice of the peace.

Hutto presented an extraordinary motion for new trial based upon this newly discovered evidence. At the hearing thereon, the victim testified that she had been coerced and bribed to issue the affidavits and that the act of rape had actually occurred. The trial court denied the motion for new trial. Appellant brings this appeal arguing that all the tests necessary for the grant of a new trial have been met and urges that the trial court erred in denying the motion. *Held:*

Courts view with disfavor and caution, if not with suspicion, motions for new trials on the ground of newly discovered evidence. It is a most salutory requirement that each party is bound, at his peril, to submit on trial all competent evidence he has on hand. Otherwise trials would be speculative and the end of litigation remote. *Atlanta Warehouses v. Housing Authority,* 143 Ga. App. 588, 592 (239 SE2d 387). In this case appellant Hutto not only did not dispute the evidence of the victim but for all this record and transcript shows, freely and voluntarily admitted his guilt of the rape of the victim by entering a plea of guilty thereto, waving his right to contest the truth of the allegations before the trial court or a jury. Even now Hutto does not assert that the plea of guilty was improvident or improperly made. He argues only that if the contradictory affidavits of the victim had been submitted to a jury, an acquittal would be the most likely result.

Appellant misconstrues the purpose of an extraordinary motion for new trial based upon newly discovered evidence. While there are six rules that must be satisfied in order to warrant the grant of a new trial, we need only address one. See *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357); *Dansby v. State,* 140 Ga. App. 104, 106 (230 SE2d 64); *Walters v. State,* 128 Ga. App. 232, 233 (196 SE2d 326). A new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. In this case the victim testified at a preliminary hearing that she had been raped by appellant. She reaffirmed that testimony at the hearing on the motion for new trial. In between the victim made contradictory statements which she later

attributed to coercion, fear and attempted bribery. We would be remiss in our duties as an appellate court if we were to conclude that such inconsistencies did more than amount to impeaching evidence; evidence of a nature insufficient to warrant the grant of a new trial. We conclude therefore that the trial court did not err in denying the motion.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1981.

*Douglas Gibson,* for appellant.
*C. Deen Strickland, District Attorney, Fletcher Sams, Assistant District Attorney,* for appellee.