## A89A2198. YOUNG v. THE STATE.
(390 SE2d 305)

SOGNIER, Judge.

Richard Junior Young was convicted on three counts of molesting his ten-year-old stepdaughter. He appeals from the denial of his motion for new trial.

1. Appellant contends he should have been granted a new trial pursuant to OCGA § 5-5-23 because of the existence of newly discovered evidence concerning the trial testimony of his daughter, Deanna Young, and physical and psychological tests performed on the victim.

To obtain a new trial on this basis, a movant must satisfy the court "(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted." *Humphrey v. State*, 252 Ga. 525, 528 (314 SE2d 436) (1984).

(a) Deanna Young, appellant's twenty-two-year-old daughter, testified at trial that appellant molested her once when she was ten and attempted to molest her when she was thirteen or fourteen, and that when she told her mother about the incidents, her parents argued and appellant then attempted suicide by taking an overdose of pills. In support of his new trial motion, appellant filed an affidavit given by Ms. Young in which she averred that these incidents of molestation did not occur, but that she gave her trial testimony under pressure from her stepmother, the victim's mother, and that the prosecutor had told her appellant would not be incarcerated if convicted. At the hearing on appellant's motion, Ms. Young first stated that the molestation incidents she described at trial did not occur, but upon cross-examination she testified that at the time of the trial she thought she was telling the truth but now was unsure because she had been under so much pressure during that time. Ms. Young did reaffirm her testimony regarding her disclosure to her mother and appellant's subsequent suicide attempt, and acknowledged that the prosecutor had told her prior to the trial that appellant would receive a prison term if convicted.

This evidence fails to satisfy at least two of the six requirements for grant of a new trial under OCGA § 5-5-23. Ms. Young's affidavit and testimony clearly were offered to impeach her trial testimony, which is not a permissible basis for authorizing a new trial. *Hutto v. State*, 158 Ga. App. 3 (279 SE2d 278) (1981). Further, as appellant testified at trial and admitted to one of the charged incidents of mo-

lestation, the question of whether he molested his own daughter several years earlier is not so material that it would likely produce a different verdict. See *Bailey v. State*, 150 Ga. App. 211, 212 (2) (257 SE2d 334) (1979). Moreover, after careful consideration of the evidence the trial court found that Ms. Young's trial testimony was credible but that her testimony at the hearing was not credible, in that it was confusing, equivocal, and apparently influenced by her distress over appellant's lengthy sentence. "On the hearing of a motion for a new trial based on newly discovered evidence the trial judge becomes the trier of the facts. . . . ' "A reviewing court will not in such a case control his discretion as to the . . . credibility of the witnesses . . . ." [Cits.]' [Cit.]" *Herrin v. State*, 71 Ga. App. 384, 387 (31 SE2d 124) (1944).

(b) Appellant's contention that he was entitled to a new trial because of newly discovered evidence that reports of physical and psychological examinations of the victim were available is similarly without merit. Appellant did not introduce the medical report at the hearing or present any evidence as to the findings made in the report. With regard to the alleged psychological report, appellant's counsel stated only that he understood that the victim had been admitted to a mental health facility prior to trial. No evidence was presented to show that a report was made or what information it contained. The prosecutor stated that he had informed trial counsel of the medical report prior to trial, but that he had no knowledge of the existence of a psychological report and was not aware that such an examination had been conducted. Because appellant has not shown what these purported reports contain, let alone established that they were so material as to make a different verdict probable, we find no abuse of the trial court's discretion in the denial of appellant's motion. See *Lord v. State*, 156 Ga. App. 492-493 (1) (274 SE2d 641) (1980).

2. Appellant next enumerates as error the denial of his new trial motion made on the ground that the State wrongfully withheld "potentially exculpatory evidence" required to be produced in response to his notice to produce made in accordance with *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Specifically, he contends that the State failed to produce the reports of the victim's medical and psychological examinations.

We find no error. As discussed in Division 1, supra, the State had no knowledge of the existence of a psychological report. Even assuming such a report existed — a fact not established by the record — the State is not required to conduct an investigation for the defense or search for evidence not in the State's possession. *Rini v. State*, 236 Ga. 715, 718 (4) (225 SE2d 234) (1976). As to the medical report, even assuming, without deciding, that appellant made a specific *Brady* request, see *Timberlake v. State*, 246 Ga. 488, 493-494 (2) (271 SE2d

792) (1980), and that the prosecution failed to comply by producing the report, the record is totally devoid of any evidence that the medical report was material within the meaning of *Brady*. See *Timberlake,* supra; see also *Baltimore v. State* 165 Ga. App. 741, 742 (1) (302 SE2d 427) (1983). Accordingly, we find no error in the denial of appellant's motion on this ground.

3. Appellant also sought a new trial on the ground that he received ineffective assistance of counsel at trial. Specifically, he contends that trial counsel (1) failed to investigate sufficiently prior to trial; (2) failed to pursue other methods for obtaining the medical reports after they were not produced by the State; (3) made no objections during trial; and (4) "failed to utilize any favorable evidence."

When a criminal defendant alleges ineffective assistance of counsel, he bears the burden "to establish (1) his attorney's representation in specified instances fell below 'an objective standard of reasonableness' *and* (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Cit.]" *Williams v. State,* 258 Ga. 281, 286 (7) (368 SE2d 742) (1988). The evidence presented at the hearing in support of this argument consisted of the testimony of Robert Young, appellant's brother, who stated that to his knowledge trial counsel did not interview other family members or prospective witnesses, did not contact the man who allegedly had been the target of a prior false molestation claim made by the victim, and did not call as a trial witness a fourteen-year-old niece of appellant who purportedly had knowledge material to the victim's character. However, as Robert Young acknowledged he was not an attorney or investigator and did not follow trial counsel around during trial preparation, and trial counsel did not testify at the hearing, there is no competent evidence to establish that counsel's trial preparation fell below the requisite standard or that there were witnesses whose testimony likely would have changed the outcome of the trial. See id. at 288. Appellant's argument concerning the medical reports is without merit because, as we determined in Division 2, supra, there is nothing in the record that material medical or psychological evidence existed. Further, appellant has identified no trial evidence or conduct to which he contends counsel should have objected and no admissible "favorable evidence" that likely would have produced a different result. Viewing "the totality of the representation provided by counsel," *Oliver v. State,* 170 Ga. App. 767, 768 (1) (318 SE2d 207) (1984), we concur in the trial court's conclusion that counsel was not ineffective.

4. Appellant asserts that he was denied a fair trial, but has provided neither citations of authority nor references to instances prior to or during trial where his rights under the federal and state constitutions were abridged, and in our review of the record and transcripts

we found no constitutional errors.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1990.

*Lavigno, Dawkins & Serio, William W. Lavigno III*, for appellant.

*John M. Ott, District Attorney*, for appellee.