## A95A1358. MOSIER v. THE STATE.
### (462 SE2d 643)

BEASLEY, Chief Judge.

Following a jury trial, Michael Mosier was convicted of one count of aggravated sodomy (OCGA § 16-6-2) and one count of rape (OCGA § 16-6-1). The trial court denied his motion for new trial.

The evidence construed in favor of the verdict showed that the victim, a young woman, left work around midnight and was driving home when her vehicle was bumped from behind by Mosier's car. When she exited her automobile to inspect the damage she noticed Mosier had a knife. She screamed for help and in the ensuing struggle both she and Mosier were cut with it. Mosier overpowered the woman, placed her in his car, and took her to an isolated spot where he forced her to engage in sexual intercourse and acts of oral sodomy.

1. Mosier contends the trial court erred by refusing to permit him to present certain testimony and records at the hearing on his motion for a new trial. According to Mosier, this evidence would establish that: (a) the State knowingly injected false records and perjured testimony; (b) the State (through the prosecuting attorneys, police officers, and witnesses) filed false reports, manufactured false evidence, influenced misidentifications, committed perjury, tampered with defense witnesses, and obstructed justice; and (c) Mosier was not afforded constitutionally effective assistance of counsel.

Mosier filed a Motion for Order to Subpoena Defense Witnesses at Government Expense. He was given an opportunity at the hearing to inform the trial court of how these witnesses and evidence would support his position and was permitted to subpoena 13 of the 25 requested witnesses. The trial court found the evidence and testimony of the others were either not relevant or cumulative.

"The trial court has a wide discretion in determining what evidence is relevant and material." *Scott v. State*, 178 Ga. App. 222, 225 (343 SE2d 117) (1986). Mosier failed to show how he was harmed by

the trial court's ruling in limiting his presentation of testimony and evidence at the hearing on his motion for new trial. Reversible error does not exist without harm. *Hurston v. State*, 194 Ga. App. 226, 227 (390 SE2d 119) (1990).

2. Mosier next contends he was deprived of his liberty without due process of law in violation of the Fifth Amendment, when the trial court refused to allow him to represent himself and to present his claims in the manner of his choosing.[1]

Even though he cited the state constitution in his motion, we will not address it any further but deal only with whether a federal constitutional right was violated. *Stephenson v. State*, 206 Ga. App. 273 (424 SE2d 816) (1992).

Originally, Mosier wanted to act as co-counsel and participate in the conduct of the trial. The court did not permit this but worked out a plan for representation with which Mosier agreed, with respect to choices to be made by counsel or defendant during the course of the trial. That was later modified to be workable, with the ultimate choice of whether to testify to be left to defendant.

It had developed that defendant wanted to call certain State witnesses who had previously testified against him in a prior case so he could attack their credibility, but the attorney refused to do so because in his opinion it would be counterproductive. There was no harm from this disagreement because the evidence would not be relevant to the incident on trial, but rather was collateral, and because the court indicated that it would deny a continuance for such witnesses to be produced.

"A defendant may insist on representing himself. *Faretta v. California*, 422 U. S. 806, 820 (95 SC 2525, 45 LE2d 562) (1975)." *Morrison v. State*, 258 Ga. 683, 686 (3) (373 SE2d 506) (1988). In keeping with this constitutional principle, the Georgia Supreme Court in *Morrison* recognized that even if a defendant is represented by an attorney, the latter " 'is still only an *assistant* to the defendant and not the master of the defense' " where the defendant is properly informed and competent. In applying these principles in *Morrison*, the Georgia Supreme Court held that the attorney did not violate any of defendant's rights by arguing in favor of a death sentence instead of life imprisonment because the defendant insisted on it.

*Morrison* recognized that it is up to the defendant to make "the ultimate decision about, for example, what line of defense to pursue, . . . , whether or not to testify in his own behalf, . . . , whether or

---

[1] He does not pursue a claim under the state constitution's bill of rights, which provides that "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga. Const., Art. I, Sec. I, Par. XII.

not to plead guilty, . . . , and whether or not to present witnesses in mitigation. . . ." Id. at 686. Mosier's desire with respect to the witnesses would fall into the same category of decisions, but it is not unlimited. Relevance and timeliness are practical curbs.

Even if the trial court erred in allowing Mosier's attorney to determine not to call these witnesses, a holding we are not prepared to make, the evidence against Mosier was overwhelming. The victim picked Mosier's photo from a photographic lineup and identified him in court. Her identification was corroborated by other evidence that the assailant was Mosier. She testified that the front of Mosier's car struck her car and both she and Mosier were cut by Mosier's knife during the struggle, after which she was placed in the passenger seat of his car. When the police stopped Mosier for a traffic violation several hours after the incident, there was damage to the front end of Mosier's car and blood on his pants. Human blood was also found on carpet later removed from the passenger side of the car. Two similar crimes had been committed by Mosier, and the victims of those crimes identified him as well.

Any such error was harmless beyond a reasonable doubt in light of the overwhelming evidence of appellant's guilt. *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38) (1988). This is the federal rule of harmless error when deciding federal constitutional claims, which we must apply here, as recognized in *LaRue v. State*, 137 Ga. App. 762, 764, fn. 1 (224 SE2d 837) (1976). This rule goes beyond the "highly probable test" which applies to nonconstitutional errors in criminal cases. That test simply requires the court to conclude that, in its reasoned judgment, it is " 'highly probable that the error (if any) did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Its use is illustrated in *Ragan v. State*, 264 Ga. 190, 192 (3) (442 SE2d 750) (1994).

Here, a federal constitutional error is asserted. "A conviction will be affirmed despite constitutional error if the error is harmless beyond a reasonable doubt. Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967)." *Vaughn v. State*, 248 Ga. 127, 131 (2) (281 SE2d 594) (1981). *Chapman* likened this test in large measure to its earlier stated test of "a reasonable possibility" that the error "might have contributed to the conviction." *Chapman*, supra at 24. In *Vaughn*, the Georgia Supreme Court noted that "[o]verwhelming evidence of the defendant's guilt can negate the possibility that the constitutional error contributed to the conviction. [Cit.]" Id. at 132. The United States Supreme Court applied the *Chapman* test in *Schneble v. Florida*, 405 U. S. 427, 430-432 (92 SC 1056, 31 LE2d 340) (1972), and considered the overwhelming evidence of guilt in reaching the conclusion that the constitutional error "was at most harmless." Id. at 432.

We cannot conclude, putting the burden on the State, that had the choices which appellant now complains of been followed, the integrity of the conviction would be in doubt. In fact, it appears that the error, if any, benefited appellant. Thus, a reversal of the conviction on the ground that Mosier's Fifth Amendment right was violated is not warranted.

3. Mosier also contends the trial court erred in denying his motion for funds to hire his own expert witness to test the State's DNA evidence independently. Mosier claims the trial court, in denying this motion, violated his right to due process and equal protection of law.

In order to obtain funds to hire an expert witness an indigent defendant is required to show: (1) why certain evidence is critical; (2) what type of scientific testimony is needed; (3) what the expert proposes to do regarding the evidence; and (4) the anticipated costs for services. *Roseboro v. State*, 258 Ga. 39, 41 (3) (d) (365 SE2d 115) (1988). Mosier failed to show what his expert proposed to do regarding the evidence and failed to advise the court of the anticipated cost of these services.

The " ' "granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court," ' and ' "(u)nless there has been an abuse of discretion, the trial court's ruling will be upheld." ' [Cit.]" *Ely v. State*, 192 Ga. App. 203, 204 (1) (384 SE2d 268) (1989). As Mosier failed to comply with the criteria set out in *Roseboro*, it was not error to deny the request for funds.

Mosier also argues the trial court erred by basing its denial on the fact that the assailant's identity did not rest entirely on the DNA evidence, and not on the basis of whether Mosier made a proper showing. " '[O]rdinarily a judgment right for any reason must be affirmed.' " *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994).

4. Mosier also contends the trial court erred by issuing a cautionary instruction rather than granting his motion for mistrial when inadmissible expert testimony was presented to the jury.

The State's DNA expert testified that Mosier's DNA matched the DNA taken from semen removed from the victim. On cross-examination the witness stated her assistant actually conducted the tests but was unavailable to testify. The court excluded the evidence as inadmissible hearsay and gave the jury a cautionary instruction to disregard the expert's entire testimony.

Mosier alleges the court abused its discretion in denying his motion for mistrial because the testimony was so prejudicial that a curative instruction was inadequate. " ' "The grant or refusal of motions for mistrial is largely within the discretion of the trial court, and this discretion will not be interfered with unless manifestly abused; and, where the trial court immediately upon the happening of an irregular-

ity gives cautionary instructions to the jury, this court will not disturb the trial court's judgment refusing a motion for mistrial." [Cit.]' [Cit.]" *English v. State*, 202 Ga. App. 751, 755 (5) (415 SE2d 659) (1992).

Considering the evidence as a whole, and especially the fact the DNA evidence was not the only evidence linking Mosier to the crime, the trial court did not abuse its discretion by electing to exclude the evidence with curative instructions rather than grant a mistrial. *Usher v. State*, 259 Ga. 835, 837 (2) (388 SE2d 686) (1990).

5. In his final enumeration of error, Mosier claims he was denied effective assistance of counsel. To prove such a claim, appellant must show: (a) counsel's performance was not reasonable under the circumstances; and (b) there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "Both components must be shown before we can find that the conviction ' "resulted from a breakdown in the adversary process that renders the result unreliable." ' [Cit.]" *French v. State*, 261 Ga. 424 (405 SE2d 35) (1991).

(a) Mosier claims his attorney did not investigate the facts of the case. Counsel testified he met with Mosier and discussed the facts with him on numerous occasions. He also testified he interviewed witnesses and checked on leads provided to him by Mosier and secured Mosier's former attorney's file and provided the contents of it to Mosier. We conclude that counsel's preparation was not a shortfall constitutionally.

Mosier also contends counsel failed to interview two State witnesses, one of whom could explain that the blood stain found in Mosier's car occurred on a different date and time. The other witness was the State's DNA expert. Even if counsel should have interviewed these witnesses prior to trial, there is no reasonable probability that either witness's testimony likely would have changed the outcome of the trial. *Young v. State*, 194 Ga. App. 335, 337 (3) (390 SE2d 305) (1990).

(b) Mosier alleges trial counsel failed to file a written motion requesting funds to hire a DNA expert, and that he was unprepared to argue such a motion. It is immaterial that the motion was oral because the court considered its merits. The trial court denied the request, basing its decision not on counsel's preparedness or lack thereof, but rather on the fact that the victim's ability to identify Mosier made the DNA evidence less than crucial.

Mosier also implies trial counsel did not understand DNA testing and was ineffective when the evidence was presented by the State's DNA expert. However, through counsel's efforts the entire DNA evidence was excluded by the trial court.

Appellant attempts to cite numerous other examples of trial counsel's alleged inadequacy but fails to show how any of these acts prejudiced his defense or how the outcome of his trial would have been different were it not for these alleged deficiencies. We recognize a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *White v. State*, 265 Ga. 22, 23 (453 SE2d 6) (1995). " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.' (Cit.)" *Harris v. State*, 198 Ga. App. 503 (402 SE2d 62) (1991). "Viewing 'the totality of the representation provided by counsel,' [cit.], we concur in the trial court's conclusion that counsel was not ineffective." *Young v. State*, 194 Ga. App. 335, 337 (390 SE2d 305) (1990).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 25, 1995 — 

Michael R. Mosier, *pro se.*

Tommy K. Floyd, *District Attorney,* Shelly Tice, *Assistant District Attorney,* for appellee.

