S95A1588. GRIER v. THE STATE.
(465 SE2d 655)

BENHAM, Chief Justice.

This appeal follows appellant Cory Deandrea Grier's convictions for murder, armed robbery, aggravated assault, and possession of a firearm by a convicted felon.[1]

---

[1] The crimes occurred on April 3, 1991. Grier was indicted on May 3, 1991, for the offenses of murder, felony murder, aggravated assault (two counts), armed robbery, and possession of a firearm by a convicted felon. A jury trial was held on September 9-11, 1991, and Grier was convicted of malice murder, felony murder, aggravated assault (two counts), armed robbery, and possession of a firearm by a convicted felon. On September 13, 1991, the trial

The State presented evidence establishing that appellant and three others, Kenyatta Brown, Carlos Johnson, and Tracy Gates, decided to rob three men, Clark Williams, Anthony Thomas, and Edward Goodwin, who were standing in a parking lot talking. Witnesses testified that appellant had stated to several people that he was going to kill someone that night and warned people to be in by 12:00 o'clock. Wearing camouflage clothing and carrying an Uzi-type firearm, appellant, with Brown, Johnson, and Gates, approached the men and demanded that they "give it up." Thomas handed money over to appellant. When Williams began walking forward, appellant shot him in the chest. Williams died from the gunshot wound.

After interviewing witnesses, the police obtained appellant's name as a possible suspect. An arrest warrant was issued and, based on information obtained from appellant's parole officer, was executed at the apartment of appellant's sister. As police entered the apartment, appellant emerged from a room and was arrested. In the process of securing the apartment, police officials saw camouflage clothing lying on the floor of the front bedroom. Police officials then obtained a search warrant, and, upon execution of the search warrant, found an M-11 firearm under a dresser.

1. Appellant asserts that the evidence was insufficient to support the verdict because of inconsistent and conflicting testimonies of the State's witnesses. Two of the perpetrators, Johnson and Gates, testified that Brown, not appellant, shot and killed Williams. Contrary to this testimony, however, the evidence sufficiently established appellant's guilt: several witnesses saw appellant wearing camouflage clothing and carrying an Uzi-type weapon on the night of the crime; several witnesses testified that appellant was making threats about what he was going to do later that night; one of the victims, Thomas, testified that appellant demanded money and subsequently shot Williams; another victim, Goodwin, testified that the person wearing camouflage was the person who demanded money and shot Williams; camouflage clothing and an Uzi-type weapon were found in the apartment where appellant resided; and one of the perpetrators, Brown, testified that appellant shot Williams. Our review of the evidence persuades us that a rational trier of fact was authorized to find appellant guilty beyond a reasonable doubt of murder, armed robbery, aggravated assault, and

court vacated the felony murder conviction and an aggravated assault conviction by operation of OCGA § 16-1-7 and sentenced Grier to life. The trial court also imposed a consecutive life sentence for the armed robbery conviction and a consecutive twenty-year sentence for the other aggravated assault conviction with a concurrent sentence of five years for the firearm conviction. Grier filed a motion for new trial on October 11, 1991, and an amended motion on July 11, 1994. The motion was denied on May 30, 1995, and Grier filed a notice of appeal on June 5, 1995. The case was docketed in this Court on July 7, 1995, and was orally argued on October 16, 1995.

possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends that the trial court erred in denying his motion to suppress the gun found in his sister's apartment since the weapon was seized during an alleged warrantless search, the affidavit supporting a subsequent search warrant did not establish probable cause, and no evidence existed that the gun was actually used in the crimes.

(a) Appellant testified at the suppression hearing that police officials found the gun prior to obtaining a search warrant. However, the police official who found the gun testified that it was found after the camouflage clothing was seen in plain view and after the search warrant was issued. The trial court is entitled to weigh the credibility of witnesses and make its finding of fact, and we review this finding under a clearly erroneous standard. *Arline v. State*, 264 Ga. 843 (2) (452 SE2d 115) (1995). We conclude that the trial court's crediting of the police officer's testimony and finding that the gun was located after a search warrant was issued was not clearly erroneous. Consequently, appellant's assertion is meritless.

(b) Appellant's challenge to the affidavit supporting the search warrant also fails. We held in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), that a magistrate faced with an application for a search warrant must decide whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 182. We, in reviewing the magistrate's decision, must determine whether the magistrate had a substantial basis for concluding that probable cause existed to issue a search warrant. Id. Reviewing the record, we hold that the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant in that upon appellant's arrest, the camouflage clothing described by witnesses was seen in plain view. Because the clothing described by the witnesses as that which the killer wore was in plain view, there was a fair probability that other evidence of the crime would be present in the apartment. See *Lush v. State*, 168 Ga. App. 740 (1) (310 SE2d 287) (1983).

(c) Appellant's contention that the trial court erred in admitting the gun found in the apartment because no evidence existed that it was used in the crimes may not be reviewed on appeal for failure to object at trial. *Tatum v. State*, 259 Ga. 284 (4) (380 SE2d 253) (1989).

3. Appellant argues that the trial court erred in allowing into evidence previously excluded references to appellant's parole status.

(a) Appellant first argues that, contrary to the State's stipulation and promise to the court that it would inform all of its witnesses not to mention appellant's parole status at the time of his arrest, the trial court failed to properly and effectively cure the effect of a witness's

statement that appellant was on parole. After the witness's statement, the trial court held a bench conference with counsel and instructed the jury that "by agreement of counsel the Court hereby instructs you to disregard the last comment of this officer as there is no basis for it." Because appellant agreed to the curative instruction and did not further object to this comment, this issue has not been preserved for appellate review. *Fambro v. State*, 165 Ga. App. 445 (4) (299 SE2d 114) (1983).

(b) After appellant's parole status was initially mentioned, it was again brought up during the questioning of a witness and reiterated during closing argument. The record reveals that on direct examination, appellant questioned the reliability of the source of information regarding where the appellant lived. On cross-examination, the State solicited testimony which revealed that the information was obtained from appellant's parole officer. Appellant argues that the trial court erred in denying appellant's motion for mistrial which was made after the witness's statement. We conclude that because appellant inquired into the issue of the reliability of the source of information on direct examination, the state was entitled to a thorough and sifting cross-examination. See *Brady v. State*, 259 Ga. 573, 579 (385 SE2d 653) (1989). Accordingly, we conclude that the trial court properly denied appellant's motion for mistrial. Appellant also argues that the prosecutor erred in reiterating the information during closing argument. Because appellant, during the prosecutor's closing argument, simply indicated that he intended to later object to the argument, but subsequently failed to do so, appellant's contention has not been preserved for appellate review. *Prince v. State*, 257 Ga. 84 (3) (355 SE2d 424) (1987).

4. Appellant next contends that he was denied effective assistance of counsel and that the trial court erred in denying this claim in appellant's motion for new trial.

(a) Appellant contends that, since all of the State's witnesses gave conflicting testimonies, the result of the trial would have been different had counsel put forth any evidence on behalf of appellant. In *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985), we held that a defendant must show both that counsel's performance was deficient and the deficient performance prejudiced the defense. Because appellant fails to specify what evidence his counsel could have presented that would have changed the result of the trial, he has failed to establish that his counsel's actions were deficient. See *Young v. State*, 194 Ga. App. 335, 337 (390 SE2d 305) (1990).

(b) Appellant also contends that his counsel was ineffective for failing to object to the admission of the M-11 firearm because it was not used in the commission of the crime. We have held that articles which are similar to ones used in crimes but are not identical are ad-

missible. *Duvall v. State*, 238 Ga. 325 (232 SE2d 918) (1977). Here, a couple of witnesses, including one of the perpetrators, testified that the gun found at the apartment was similar to the one that the perpetrator was carrying on the night of the murder. Thus, counsel's failure to object cannot be deemed deficient. *Hammond v. State*, 264 Ga. 879 (3) (b) (452 SE2d 745) (1995).

(c) Appellant further argues that his counsel was ineffective for failing to object to the prosecutor's statement that only one witness, Gates, supported appellant's version of the events when, in fact, another witness, Johnson, supported appellant's statement that Brown was the person who killed the victim. Pretermitting the question of whether counsel's failure to object to this statement was deficient, we conclude that appellant has failed to show how he was prejudiced from this statement, see *Roberts v. State*, 243 Ga. 604 (11) (255 SE2d 689) (1979), since the jury, which is the judge of the facts in the case, was privy to the correct information via the testimony of the witnesses. Accordingly, this assertion lacks merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Venice R. Daley*, for appellant.

*Lewis R. Slaton*, District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Wesley S. Horney*, Assistant Attorney General, for appellee.