## S97A1018. BRYANT v. THE STATE.
(491 SE2d 320)

HUNSTEIN, Justice.

After a trial at which he represented himself, Jermaine LaJuan Bryant was found guilty of charges of murder, rape, kidnapping, armed robbery, and four counts of possession of a firearm during commission of the above four crimes. Bryant was sentenced to life imprisonment for the murder, two consecutive life sentences for the rape and armed robbery, a consecutive twenty-year sentence for the kidnapping, and four consecutive five-year sentences for the possession convictions. Represented by counsel, he appeals from the judgment of conviction and sentence entered thereon. We affirm.[1]

1. The evidence adduced at trial authorized the jury to find that the victim and a girl friend visited a local lounge and the victim left at 12:30 a.m. on May 2, 1993 to go visit a friend who lived behind a nearby high school. Bryant's common law wife testified that when she met Bryant between 1:00 and 2:00 a.m. that morning, he told her that he and his cousin, Calvin Davis, picked up a woman on Forrest Street[2] with the intention of robbing her but did not do. so because the gun accidentally fired, killing the woman, while Bryant was holding it. The victim's body was found later that morning on the side of a road several miles from her intended destination. The victim died from two gunshot wounds to her right temple and left throat fired, execution-style, from a distance of two to four inches while the woman was on her back. The victim's purse and its contents were strewn down the side of the road. The victim was partially clothed

---

[1] The crimes occurred on or about May 2, 1993. Bryant was indicted August 29, 1994 in Lowndes County. He was found guilty on November 5, 1996, and was sentenced on November 13, 1996. A notice of appeal was filed December 5, 1996. The transcript was certified March 25, 1997 and the appeal was docketed in this Court on March 27, 1997. This appeal was submitted for decision without oral argument.

[2] The State introduced a map of the area, showing the location of the lounge, the high school, and the area where the victim's body was discovered. The map shows that Forrest Street is the road between the lounge and the high school.

and grasped her jeans in one hand. Expert testimony established that the DNA in spermatozoa taken from the victim's vagina matched the DNA in Bryant's blood and that only one in ten billion individuals would have that same spermatozoa frequency pattern. This evidence was sufficient to authorize a rational trier of fact to find Bryant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bryant asserts numerous errors were committed by the trial court in allowing Bryant to proceed pro se. After voir dire, but before the jury had been selected, Bryant sought the discharge of his attorney, the appointment of a new attorney, and the grant of a continuance. A review of the record reveals that the case had been pending for some time[3] and that Bryant had not previously expressed to the trial court any dissatisfaction with counsel. At trial, the trial court informed Bryant that he was entitled only to reasonably effective assistance of counsel, not counsel of his own choosing, see *Durham v. State*, 185 Ga. App. 163 (1) (363 SE2d 607) (1987); found that counsel had capably represented Bryant; and ruled that Bryant's vague complaints about his court-appointed attorney were not legally sufficient to justify Bryant's discharge of counsel.[4]

> Under the circumstances, the trial court was authorized to conclude that [Bryant] was attempting to use the discharge and employment of other counsel as a dilatory tactic, which was "the functional equivalent of a knowing and voluntary waiver of appointed counsel. In such instances, the trial court may proceed to trial with the defendant representing himself. [Cit.]" [Cits.]

*Hobson v. State*, 266 Ga. 638-639 (2) (469 SE2d 188) (1996). See also *Jefferson v. State*, 209 Ga. App. 859, 861 (434 SE2d 814) (1993) (if defendant does not have good reason for discharging court-appointed counsel, trial court does not err by requiring defendant to choose between representation by that attorney and proceeding pro se). The record reflects that the trial court ascertained that Bryant was not under the influence of any intoxicants and fully apprised Bryant of the dangers of self-representation. See *Hobson*, supra, 266 Ga. at 639 (2). The trial court did not err by denying Bryant's request to dis-

---

[3] Counsel was appointed August 23, 1994, six days before Bryant's indictment. Bryant discharged counsel on November 4, 1996.

[4] The record reveals that Bryant wanted to discharge his attorney because he felt counsel had neglected and ignored him. Bryant failed to support the discharge of counsel by setting forth any justifiable dissatisfaction with counsel, such as conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between counsel and client. See *United States v. Swinney*, 970 F2d 494, 499 (8th Cir. 1992).

charge counsel while the jury was being selected, see *Thaxton v. State*, 260 Ga. 141 (390 SE2d 841) (1990) (defendant cannot frivolously change his mind in midstream by asserting right to self-representation once trial has commenced) or by denying his motion for a continuance. *Hobson*, supra. Bryant's election to proceed pro se effected a waiver of his claims of ineffectiveness of counsel during trial, *Kegler v. State*, 267 Ga. 147 (2) (475 SE2d 593) (1996), and because Bryant's appellate counsel was appointed prior to the filing of the notice of appeal, he is procedurally barred from raising for the first time on appeal the issue of any alleged pre-trial ineffectiveness of counsel. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996).

3. We find no error in the trial court's denial of Bryant's motion to change venue. Applying the two-prong inquiry into change of venue requests, our review of the record reveals that Bryant failed to show pre-trial publicity rendered the atmosphere in the community so inherently prejudicial that he could not receive a fair trial and that Bryant cannot demonstrate he could not receive a fair trial due to the prejudice of individual jurors because the voir dire transcript reveals there were no jurors in the pool who were familiar with Bryant's case. See *Berry v. State*, 267 Ga. 605 (2) (481 SE2d 203) (1997).

4. Bryant's motion to recuse the trial judge, filed three days before his November 1996 trial and based on comments the judge had allegedly made at Bryant's February 1991 probation revocation hearing, was untimely under Uniform Superior Court Rule 25.1.

5. Bryant having failed to make the required showing that the jury list was not a fair cross-section of Lowndes County and was a product of intentional racial or gender discrimination, the trial court did not err by overruling Bryant's pre-trial motion objecting to the jury list. See generally *Jewell v. State*, 261 Ga. 861 (413 SE2d 201) (1992); *Cook v. State*, 255 Ga. 565 (11) (340 SE2d 843) (1986).

6. The factual findings of the trial court regarding probable cause for the issuance of a search warrant are to be upheld unless clearly erroneous. *Williams v. State*, 267 Ga. 771 (4) (482 SE2d 288) (1997). Even assuming, arguendo, that Bryant's statements to police should not have been included in the affidavit submitted to the magistrate in support of an application for a search warrant of Bryant's blood for DNA evaluation, there were sufficient remaining facts in the affidavit after the excision of those statements to establish probable cause for the warrant. See *Kelly v. State*, 184 Ga. App. 337 (1) (c) (361 SE2d 659) (1987). Accordingly, we find no error in the trial court's denial of Bryant's motion to suppress.

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in the judgment only as to Division 2.*

DECIDED SEPTEMBER 22, 1997 —
RECONSIDERATION DENIED NOVEMBER 4, 1997.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, William
E. Holland, Robert C. Powell,* for appellant.

*J. David Miller, District Attorney, Thurbert E. Baker, Attorney
General, Paula K. Smith, Senior Assistant Attorney General, Deborah
L. Gale, Assistant Attorney General,* for appellee.