A00A1140. THE STATE v. TOWE et al.

(541 SE2d 423)

ANDREWS, Presiding Judge.

The State appeals from the trial court's grant of the motion to suppress of Phillip and Doris Towe. Phillip Towe was charged with four counts of possession of a firearm by a convicted felon involving the following weapons: a Ruger .22 long rifle caliber Mark II target semi-automatic handgun (Count 3); a Model 60 Ruger Marlin .22 long rifle caliber semi-automatic rifle (Count 4); a Savage 270 caliber, Model 110 rifle (Count 5); and a Model SB 12 gauge shotgun (Count 6). He was also charged with one count of making a false statement to Department of Natural Resources officers Seitz and Chastain and as a recidivist. His wife, Doris Towe, was charged with making a false statement to the officers.

> In determining probable cause for a search warrant, the magistrate is merely to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before (the magistrate), including the 'veracity'

---

[19] See *Cheshire*, supra at 541 (2).
[20] See *Johnston*, supra at 518 (2).

and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997), quoting *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). The trial court will then examine the issue, and its factual findings regarding probable cause for issuance of the warrant will be upheld unless clearly erroneous. *Bryant v. State*, 268 Ga. 616, 618 (6) (491 SE2d 320) (1997); *Williams v. State*, 267 Ga. 771 (4) (482 SE2d 288) (1997). Ultimately, this Court's role on review is to "determine if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search (warrant)." *DeYoung* at 787 (7). See also *Grier v. State*, 266 Ga. 170, 172 (2) (b) (465 SE2d 655) (1996). And a reviewing court is to give substantial deference to the magistrate's decision to issue a search warrant after finding probable cause. Id.

(Footnote omitted.) *Abraha v. State*, 271 Ga. 309, 311 (1) (518 SE2d 894) (1999).

When a search warrant has been obtained, any challenger of the warrant has the burden of proving its invalidity. OCGA § 17-5-30 (a); *State v. Davis*, 217 Ga. App. 225, 227 (457 SE2d 194) (1995), aff'd, *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996).

The trial court concluded, as urged by Phillip and Doris Towe, that the affidavit filed in support of the application for search warrant was deficient in that it "did not sufficiently show probable cause in that the magistrate could not properly determine the veracity of the informants; and (2) the information contained in the affidavit was stale."

DNR Ranger Seitz prepared the affidavit with the input of DNR Corporal Chastain. It stated that, on the evening of November 21, 1998, Seitz received a complaint from a person he described as a "concerned citizen" that an eight-point buck had been shot off of Old Northcut Road at approximately 7:00 p.m. This person had taken the deer to his residence and told Seitz that he would watch to see if the perpetrators returned for the deer. The next morning, Seitz was called by this man at 9:00 a.m. and advised that two occupants in a red Nissan two-wheel drive pickup truck, license plate 5755SN, had driven back and forth where the deer had been shot the previous evening. One person got out of the vehicle in the area. A description of the driver was provided by the man, and he told Seitz he was "positive that this vehicle was the same vehicle that was present when the deer was shot the night before."

Seitz met with the man at approximately 10:00 a.m. on Novem-

ber 22 and picked up the deer, which had a single bullet hole in it. Seitz then drove back through Blue Ridge and observed a red Nissan pickup truck bearing the same license plate number parked at a gas station around 11:00 a.m. Although there was no one with the truck, Seitz determined that the motor was still warm. Seitz then proceeded to another location where he ran the truck's license plate and obtained the owner's name and address. Returning to Blue Ridge an hour later, Seitz saw a subject matching the description of the driver of the Nissan truck sitting in Nathan Tipton's pickup truck with Tipton, parked next to the Nissan truck. Seitz then obtained information regarding the residence description and location of the owner of the Nissan truck. At that address, he found the Nissan truck in the driveway. Seitz spoke to David Towe (son of Phillip and Doris Towe) who stated the truck belonged to him and he had not allowed anyone else to drive it that day. David Towe also stated that he had not been to Gilmer County (where the deer was shot) on November 21 or 22.

Seitz performed a necropsy on the deer and retrieved a .22 caliber bullet from its lung. Only one bullet hole was found on the deer.

On November 27, 1998, Seitz, Corporal Chastain and another ranger interviewed David Towe and Doris Towe. David Towe's statements were very evasive and differed from his previous interview of November 22. Towe was offered and agreed to take a polygraph examination, but did not appear for two scheduled tests. During that interview, David Towe acknowledged that he owned .22 caliber weapons.

Two other individuals advised Corporal Chastain that, on the evening of November 21, 1998, they had been driving on Old Northcut Road and had seen a large buck deer standing under a security light near where the deer was later shot. They then observed a vehicle matching the description of David Towe's on Old Northcut Road.

Believing he had probable cause that David Towe had violated OCGA § 27-3-2 (hunting game animals at night), a misdemeanor, Ranger Seitz presented the affidavit to a magistrate and, on December 10, 1998, obtained a search warrant for two described residences seeking .22 caliber firearms. Phillip, Doris, and David Towe were in the process of moving from one residence to another in the same area, and both premises were to be searched. Upon arriving to execute the warrant on December 13, 1998, officers asked Phillip and Doris Towe if there were any firearms in the residence, and both denied there were. Upon searching, the weapons specified in the indictment were found. While Doris Towe claimed the weapons were hers, she was unable, without asking Phillip Towe, to give officers any information concerning them. Additional firearms claimed by David Towe were found at the other residence.

1. In focusing solely on the "veracity" of the persons supplying information to the DNR officers concerning the illegal killing of the deer, the superior court, in reviewing the magistrate's decision, lost sight of the fact that, whether an individual supplying information of a possible crime is a "concerned citizen" to whom a presumption of credibility is accorded[1] or an "anonymous informant," the information provided by either may support the issuance of a warrant when that information is corroborated by further investigation by officers. *Brown v. State*, 244 Ga. App. 440, 441 (1) (535 SE2d 785) (2000) (failure to inform magistrate of criminal background and pending charges of informant not fatal); *Gordon v. State*, 242 Ga. App. 50, 51 (528 SE2d 838) (2000) (detail of information supplied and corroboration by officers sufficient to overcome lack of showing that anonymous tipster was reliable); *Galvan v. State*, 240 Ga. App. 608, 609 (524 SE2d 297) (1999). Such corroboration reduces the " ' "chances of a reckless or prevaricating tale." (Cit.)' *Thomas v. State*, 173 Ga. App. 481, 483 (1) (326 SE2d 840) (1985); see *Kessler v. State*, 221 Ga. App. 368, 370 (471 SE2d 313) (1996) (proof of veracity no longer an absolute requirement)." *Welch v. State*, 231 Ga. App. 74, 75 (498 SE2d 555) (1998).

Such an approach also comports with the "deferential standard of review [which] is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. . . ." *State v. Henderson*, 271 Ga. 264, 270 (4) (517 SE2d 61) (1999).

It is difficult to imagine how much more corroboration of the illegal killing of a deer and the probable identity of a suspect the officers here could have obtained, absent a confession.

2. The trial court also found that the information was stale, precluding a finding that the .22 caliber weapons were still present in the Towes' residences at the time of the issuance of the warrant. As set out above, the last information was received by Ranger Seitz on November 27, 1998, and the warrant was applied for on December 10, 1998. The trial court concluded that this 13-day gap rendered the information stale and precluded the issuing of a warrant.

In determining if information is "stale," the proper procedure is " 'to view the totality of the circumstances for indications of the existence of reasonable probability that the conditions referred to in the sworn testimony would continue to exist at the time of the issuance of the search warrant.' [Cits.]" *Carruthers v. State*, 272 Ga. 306, 313 (5) (528 SE2d 217) (2000).

---

[1] *Morris v. State*, 239 Ga. App. 100, 102 (1) (b) (520 SE2d 485) (1999); *State v. Davis*, supra at 227.

Initially, the mere passage of time does not equate with staleness. See *Carruthers*, supra (passage of six months). Also, "[a]n officer's inference that items sought will be at the place to be searched requires no more than 'a fair presumption' to be reasonable. *Murphy v. State*, 238 Ga. 725, 727-728 (234 SE2d 911) (1977)." *McClain v. State*, 267 Ga. 378, 388 (11) (477 SE2d 814) (1996). As concluded in *Reeves v. State*, 197 Ga. App. 107, 108 (1) (397 SE2d 601) (1990), regarding knives,

> [t]he [firearms] were non-perishable, non-consumable items which were legally possessed and of continuing utility to defendant. The lapse of time did not prevent a conclusion that there was probable cause to believe that such permanent possessions would be found in defendant's home. [Cit.]

Reviewing the affidavit in its entirety, we conclude that the magistrate had a substantial basis for concluding that probable cause existed.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 1, 2000 —
RECONSIDERATION DENIED NOVEMBER 16, 2000 — 

*Roger G. Queen, District Attorney, William W. Fincher III, Assistant District Attorney*, for appellant.

*Ray & McKinney, Michael K. McKinney, William L. Reilly*, for appellees.