A01A0070. GORDON v. THE STATE.
(546 SE2d 925)

ANDREWS, Presiding Judge.

Charles Richard Gordon appeals from the judgment entered after he was found guilty of trafficking in methamphetamine, possession of marijuana, and possession of methamphetamine. Gordon argues on appeal that the trial court erred in denying his motion to suppress evidence seized at his house. Specifically, he claims there was no probable cause for the magistrate to issue the search warrant because there was no evidence from which the magistrate could determine the reliability of the confidential informant. We disagree and affirm.

This case arose after a confidential informant told officers that Judy Wall, Gordon's co-defendant, was staying at 59 Wade Street and was delivering and storing methamphetamine there. The informant also told them that Wall drove a 1996 or 1997 red Camaro Z28. After

receiving this information, Officer Walker testified that he drove by that address several times and saw the red Camaro parked there.

Another officer testified at the suppression hearing about the stop and search of the car. He stated that as he was patrolling one day, he pulled in behind a red Camaro and saw it weave back and forth across the road. Also, he noticed that there were dark taillight covers on the car and he could barely see the brake lights. After he pulled the car over and walked up to the driver's window, the officer could smell the odor of burnt marijuana coming from the car.

When the officer realized it was Wall driving the car, he called Officer Walker. After Walker arrived, they asked Wall if they could search her car. She said yes, and the officers found a manila envelope containing several smaller bags of methamphetamine, a gun, and a large sum of money. Officer Walker then searched Wall and found another manila envelope containing several smaller bags of methamphetamine in her pocket.

While the officers were searching the car, Wall's cell phone rang and the officers traced the number to a nearby McDonald's parking lot pay phone. There, officers arrested another man who said he had been buying methamphetamine from Wall for about a year.

Officer Walker then got a search warrant for the house at 59 Wade Street. When the officers arrived, they found Gordon in one of the bedrooms. They asked him if there were any drugs in the house, and he replied, "Yes. In a box on the dresser." The officers found marijuana and methamphetamine in the box.

Gordon was arrested and, following a bench trial, was found guilty of trafficking in methamphetamine and possession of marijuana and methamphetamine. He now appeals, claiming there was no probable cause to issue the search warrant.

> In determining probable cause for a search warrant, the magistrate is merely to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before the magistrate, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997), quoting *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). The trial court will then examine the issue, and its factual findings regarding probable cause for issuance of the warrant will be upheld unless clearly erroneous. *Bryant v. State*, 268 Ga. 616, 618 (6) (491 SE2d 320) (1997); *Williams v. State*, 267 Ga. 771 (4) (482 SE2d 288) (1997). Ultimately, this Court's role on review is to determine if the magistrate

had a substantial basis for concluding that probable cause existed to issue the search warrant. *DeYoung* at 787 (7). See also *Grier v. State*, 266 Ga. 170, 172 (2) (b) (465 SE2d 655) (1996). And a reviewing court is to give substantial deference to the magistrate's decision to issue a search warrant after finding probable cause. Id.

(Punctuation and footnote omitted.) *Abraha v. State*, 271 Ga. 309, 311 (518 SE2d 894) (1999). Moreover, "[t]he factual findings of the trial court regarding probable cause for the issuance of a search warrant are to be upheld unless clearly erroneous." *Bryant*, supra at 618 (6).

The affidavit at issue stated that a confidential and reliable informant told police that Wall, driving a 1996 or 1997 red Camaro Z28 was delivering methamphetamine to 59 Wade Street, Winder; that approximately two weeks after receiving this information, police saw the Camaro parked at the above address; and that the car was stopped and searched and "trafficking amounts of methamphetamine were confiscated."

Officer Walker, the officer who prepared the affidavit, testified that he gave the magistrate additional information when applying for the search warrant. Walker stated that he told the magistrate that the confidential informant told him that Wall was staying at 59 Wade Street and was delivering and storing methamphetamine there. Also, he described the stop of Wall's car, the methamphetamine found in the car and on Wall, and the arrest of the man who had been buying methamphetamine from Wall.

Gordon claims the affidavit was defective on its face because it provided no information on the reliability of the informant. Gordon acknowledges that other information presented to the magistrate, in addition to the affidavit, may be considered in determining probable cause,[1] but claims that here there was no information in any form showing the reliability of the informant.

We disagree. It was apparent from the face of the affidavit that the veracity and reliability of the informant had already been corroborated. The informant's tip was that Wall was delivering and selling methamphetamine. The affidavit stated that "trafficking amounts of methamphetamine" had been confiscated from Wall, thus corroborating the informant's tip.

This, together with the other information presented to the magistrate as discussed above, was enough information from which the magistrate could determine that there was a fair probability that

---

[1] See, e.g., *Gibson v. State*, 223 Ga. App. 103-104 (476 SE2d 863) (1996); *Delay v. State*, 213 Ga. App. 199, 201 (444 SE2d 140) (1994).

contraband or other evidence would be found at that particular place. *Stephens*, supra at 182. Accordingly, the trial court correctly determined that there was a substantial basis for the magistrate's decision to issue the warrant.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED MARCH 26, 2001.

*Rex J. McClinton*, for appellant.

*Timothy G. Madison*, District Attorney, *Don R. Gordon*, *Robin R. Riggs*, Assistant District Attorneys, for appellee.