## A01A1354. SMITH v. THE STATE.

(553 SE2d 626)

ANDREWS, Presiding Judge.

Robert Lee Smith appeals from the trial court's denial of his motion to suppress evidence that was seized at his house pursuant to a search warrant. Because we conclude there was probable cause to issue the warrant, we affirm.

The evidence at the hearing on the motion to suppress was as follows. Walker, the officer who signed the affidavit for the search warrant, testified that he was working with a confidential informant at the time in question and went with the informant to the trailer park where Smith lived. After searching the informant to make sure he was not carrying any contraband, the investigator gave the informant money to buy cocaine. The informant went up to a woman who had come out of one of the trailers and told her he wanted to buy some cocaine. The investigator had his window rolled down and could hear the conversation between the woman and the informant. The confidential informant asked the woman if she would go to defendant Smith's house and buy some cocaine for him. The woman agreed, and the informant handed her the money. The woman went to Smith's trailer and knocked on the door, and the door was opened for her. Three to five minutes later, the investigator saw her come out of the trailer, go up to the confidential informant and put something in his hand. The woman also told the informant that there was more cocaine in the trailer for future drug buys.

Walker was unsure exactly when he completed the affidavit for the search warrant, but stated that it was within 72 hours of the drug buy. The affidavit described Smith's trailer and gave the account of the drug buy described above. The affidavit also stated that the "unwilling" informant told the confidential informant that the cocaine was transported in a vehicle with Georgia license number 901SB, and an independent investigation showed that car was registered to Smith. Walker also stated that he monitored "all actions" of the confidential informant and the unwilling informant.

In determining probable cause for a search warrant, the magistrate is merely to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before (the magistrate), including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997), quoting *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). The trial court will then examine the issue, and its factual findings regarding probable cause for issuance of the warrant will be upheld unless clearly erroneous. *Bryant v. State*, 268 Ga. 616, 618 (6) (491 SE2d 320) (1997); *Williams v. State*, 267 Ga. 771 (4) (482 SE2d 288) (1997). Ultimately, this Court's role on review is to "determine if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search (warrant)." *DeYoung* at 787 (7). See also *Grier v. State*, 266 Ga. 170, 172 (2) (b) (465 SE2d 655) (1996). And a reviewing court is to give substantial deference to the magistrate's decision to issue a search warrant after finding probable cause. Id.

*Abraha v. State*, 271 Ga. 309, 311 (518 SE2d 894) (1999).

Smith argues on appeal that there was no probable cause to issue the warrant because Officer Walker could not verify that the unwilling informant did not have drugs on her when she went into the trailer. Also, he contends the affidavit was insufficient because there was no evidence provided to the magistrate on the reliability of this unwilling informant. We disagree.

"[A]lthough information regarding the reliability of the informant is highly relevant to the totality of the circumstances determination, the absence of significant information regarding reliability is not necessarily fatal to an affidavit." *Munson v. State*, 211 Ga. App. 80, 82 (438 SE2d 123) (1993). Moreover, the "totality of the circumstances" analysis applies also in situations in which there are two informers. Id. at 81.

In the instant case, the officer heard the conversation between the informant and the unwilling informant and saw the unwilling informant take the money, go into Smith's trailer, and return with the contraband. This was sufficient to establish a substantial basis for concluding that contraband would be found on Smith's property. *Perkins v. State*, 220 Ga. App. 524, 525 (469 SE2d 796) (1996); *Hamilton v. State*, 210 Ga. App. 496, 498 (436 SE2d 500) (1993). See also *Hockman v. State*, 226 Ga. App. 521, 522 (487 SE2d 102) (1997)

(physical precedent only). Accordingly, the trial court did not err in denying Smith's motion to suppress.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED AUGUST 6, 2001.

*W. Keith Davidson,* for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.