A93A1558. ADAMS v. THE STATE.
(435 SE2d 514)

BIRDSONG, Presiding Judge.

Rodney Adams was convicted of theft by receiving stolen property, aggravated assault on a police officer, being an habitual violator, escape, fleeing and attempting to elude a police officer, and failure to maintain no-fault insurance.

On June 20, 1992, a Georgia State Trooper received an alert for a stolen white Mustang convertible being driven by appellant, who was an escapee. The Mustang had been stolen the night before at gunpoint. The trooper saw the car coming from appellant's mother's house and recognized appellant as the driver. Appellant fled and the trooper chased him across I-85, through a town, and around a back road at 100 mph and more. Appellant turned on another road and slowed down, and the trooper saw him "fumbling." Both cars came almost to a stop. Appellant leaned out of the car window and fired at the trooper with a silver automatic weapon, and the trooper returned fire. Another chase ensued; again appellant shot at the trooper three or four times. Altogether, appellant fired about 12 shots at the trooper. Appellant turned onto a dirt road and pulled ahead until the trooper could not see him. Another officer arrived; the officers found the Mustang abandoned on a logging road. The officers found no weapons in the car. A helicopter and police dogs were called in and pursued appellant. Each time appellant was cornered, he eluded. He was later arrested at his mother's house. Of the two weapons found in the house, one was a Ruger, which because of its shiny appearance and rapid fire power the trooper remembered as the one used against him.

Another state trooper testified that in August 1991, when appellant was an escaped convict, he and other officers were involved in another high speed chase on a highway and dirt roads, in which appellant ran people off the road and passed cars on curves, hills and yellow lines. That chase lasted 20 or 30 minutes until appellant's car crashed. He fled into the woods and was not apprehended. He did not have no-fault insurance. This trooper testified he participated in the search of appellant's mother's house after the instant offenses; he was a witness to the fact that two guns were discovered in the house. One of the guns was the Ruger identified by the first trooper as the one appellant used against him. A deputy identified this gun as one stolen in a burglary in 1992 in Meriwether County. The prison warden testified to appellant's earlier escape from prison. Adams appeals. *Held*:

1. Appellant contends the trial court erred in refusing him the opportunity to retain counsel of his choice and in not ascertaining whether appellant acted with reasonable diligence in obtaining his own attorney and whether his failure to do so was due to reasons beyond appellant's control, leaving appellant with ineffective assistance of counsel.

No motion for new trial with a claim of ineffective assistance of counsel was made and no hearing was held on such a claim. Such claim was not raised at the earliest practical moment, and is waived, for counsel filed the notice of appeal when a motion for new trial could have been filed to have the claim heard by the trial court, but

no such motion was filed. *Lee v. State*, 205 Ga. App. 659 (5) (423 SE2d 29).

As for the trial court's refusal to allow appellant to retain counsel of his own, the record contains an "Order Approving Indigency and Appointment of Counsel," in which appellant was found indigent and counsel was appointed on July 28, 1992. Trial began August 31, 1992. Only after a jury was selected did appellant say he wanted to hire his own counsel. Appellant said his father could hire an attorney for him. The trial court stated that at arraignment on July 16, appellant had not said he wanted to hire his own counsel. The court ascertained that appointed counsel had gotten all the discovery material, had the State's entire file and had reviewed it, had interviewed appellant, and had talked with witnesses and felt that he was ready to try the case. Appellant had been out of jail since July 16; the court determined appellant had made no attempt to hire counsel from July 16 until after a jury was selected. There was not even a showing that appellant's father would in fact hire an attorney for appellant. Appellant's objection appears to be no more than a delaying tactic, and the court did not abuse its discretion in denying it. *Stephens v. State*, 208 Ga. App. 620 (1) (431 SE2d 422).

2. Appellant contends the conviction for theft by receiving stolen property is not supported by evidence because no witness had first-hand knowledge that the Ruger was taken from appellant's bedroom. We find no merit in this enumeration. The witnesses testified GBI agents told them the guns were found in appellant's bedroom, but one trooper who participated in the search testified: "I was a witness to two of the guns [being recovered from appellant's mother's house]." It was not essential that the State prove the gun was found in appellant's bedroom. The direct evidence showed appellant used this stolen gun to assault the trooper, and this gun was found in appellant's mother's house where he was arrested. This is sufficient to put him in recent unexplained possession of the gun. The evidence is sufficient to convince a rational trier of fact of appellant's guilt of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 27, 1993.

*Joseph W. Jones, Jr.*, for appellant.

*Peter J. Skandalakis, District Attorney, Agnes T. McCabe, Assistant District Attorney*, for appellee.