## S96A0777. HOBSON v. THE STATE.
### (469 SE2d 188)

CARLEY, Justice.

James D. Hobson was tried before a jury and found guilty of malice murder. He appeals from the judgment of conviction and sentence of life imprisonment entered by the trial court on the jury's guilty verdict.[1]

1. Hobson shot the victim during an argument over a coat which Hobson had bought from the victim. Two eyewitnesses testified that they saw no aggressive behavior on the part of the victim. From the evidence, a rational trier of fact was authorized to find proof, beyond a reasonable doubt, of Hobson's guilt of malice murder. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bennett v. State,* 265 Ga. 38, 39 (1) (453 SE2d 458) (1995); *Kitchen v. State,* 263 Ga. 629, 630 (2) (436 SE2d 645) (1993); *Wiseman v. State,* 249 Ga. 559, 560 (1) (292 SE2d 670) (1982).

2. Hobson moved for a continuance so that he could hire counsel to represent him during trial. Hobson enumerates as error the denial of this motion. A review of the record reveals that the case had been pending for some time, Hobson had already dismissed his private attorney, and the motion for continuance was not made until after the jury was selected, at which time Hobson made vague complaints about his court-appointed attorney. Under the circumstances, the trial court was authorized to conclude that Hobson was attempting to use the discharge and employment of other counsel as a dilatory tactic, which was "the functional equivalent of a knowing and voluntary waiver of appointed counsel. In such instances, the trial court may proceed to trial with the defendant representing himself. [Cit.]" *Staples v. State,* 209 Ga. App. 802, 804 (3) (434 SE2d 757) (1993). See also *Adams v. State,* 210 Ga. App. 151, 153 (1) (435 SE2d 514) (1993);

---

[1] The homicide occurred on December 26, 1993 and Hobson was indicted on March 15, 1994. The guilty verdict was returned on July 21, 1994 and the judgment of conviction and life sentence also were entered on that day. Hobson's motion for new trial was filed on August 22, 1994 and denied on September 14, 1995. His notice of appeal was filed on October 6, 1995 and the case then was docketed in this Court on February 1, 1996. On March 25, 1996, the appeal was submitted for decision.

*Jefferson v. State*, 209 Ga. App. 859 (434 SE2d 814) (1993); *Tillman v. State*, 184 Ga. App. 210, 211 (2) (361 SE2d 66) (1987). Fulfilling its important responsibility in this area, the trial court fully apprised Hobson of the dangers of self-representation. *Staples v. State*, supra at 804 (3). After Hobson represented himself for a short time, the trial court did not err in permitting appointed counsel to resume representation pursuant to Hobson's own request.

3. When giving a recharge on the definitions of the offenses to be considered by the jury, pursuant to its request, the trial court did not abuse its discretion by not also recharging on self-defense and accident. *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986); *Williams v. State of Ga.*, 249 Ga. 6, 9 (6) (287 SE2d 31) (1982).

4. This Court will not consider other alleged errors argued in Hobson's brief, but not included in the enumerations of error. *Doss v. State*, 262 Ga. 499, 500 (1) (422 SE2d 185) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996.

James D. Hobson, *pro se.*

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.