## A05A0774. HAMPTON v. THE STATE.
(612 SE2d 854)

MILLER, Judge.

Following a jury trial, Terrence Leon Hampton was convicted of selling cocaine. On appeal he contends that (1) the evidence was insufficient to sustain his conviction, (2) the trial court denied him the right to counsel of his choice, and (3) his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that a police officer gave a confidential informant $20 to perform a controlled buy of crack cocaine. The purchase was to take place in an area known for its high level of drug activity. The police officer knew from experience that sellers in the area would often sell only a small, digestible amount of cocaine that they held in their mouths to ensure that they could not be caught holding any cocaine if the police intervened before a sale took place. The police searched the informant prior to the controlled buy to ensure that he was not carrying any drugs.

The officer observed the confidential informant approach Hampton. Hampton removed something from his mouth, and the officer saw Hampton and the informant exchange something with their hands. The informant placed his hands in his pockets, giving the police the signal that a drug sale had just taken place, and immediately returned to police with a crack rock. Hampton was arrested a few moments later. At that time, however, neither Hampton nor the informant had the $20 bill that the police had given to the informant.

The trial court appointed a private attorney for Hampton. Counsel filed several pre-trial motions and obtained a continuance in order to prepare for trial. After appointed counsel had represented Hampton for several months and had announced "ready" when the case was called for trial, Hampton informed the trial court for the first time that he wanted to proceed with different counsel. This new counsel was not present in court at the time, and the court informed Hampton that it would not delay the proceedings any further. Hampton then acquiesced and agreed to proceed with appointed counsel.

After jury selection was complete, prospective counsel showed up in court. Hampton again raised the issue of proceeding with this new counsel. New counsel did not address the court, nor did he represent that he had been retained by Hampton. The court did not replace

appointed counsel, and Hampton's trial proceeded. Hampton was convicted of selling cocaine, and he now appeals.

1. Hampton argues that the evidence was insufficient to sustain his conviction. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, an experienced police officer observed a confidential informant engage in a hand-to-hand exchange that the informant indicated was a drug deal. The informant did not have any crack cocaine prior to the exchange with Hampton, and did have crack cocaine immediately following the exchange. The fact that neither Hampton nor the informant had the $20 bill a few moments after the exchange goes to the weight of the evidence, which we do not evaluate on appeal. See, e.g., *Simmons v. State*, 271 Ga. App. 330, 331 (1) (a) (609 SE2d 678) (2005) (circumstantial evidence sufficed to sustain conviction for selling cocaine even though defendant was neither seen receiving money nor seen physically giving drugs to buyer). The jury was authorized to find Hampton guilty of selling cocaine based on the evidence presented. See id.

2. Hampton contends that the trial court improperly denied him the right to counsel of his choice when it refused to allow him to proceed with new counsel. We disagree.

A criminal defendant has a constitutional right to counsel of his own choosing when he is willing and able to employ such counsel. *Barnes v. State*, 261 Ga. App. 112, 113 (581 SE2d 727) (2003). This right, however, may be forfeited by a knowing and intelligent waiver. Id. Indeed, when a defendant attempts to hire new counsel for purposes of delay, a trial court does not abuse its discretion by prohibiting such conduct. See *Adams v. State*, 210 Ga. App. 151, 153 (1) (435 SE2d 514) (1993) (trial court properly prohibited defendant's attempt to delay trial by hiring new counsel after jury selection had already been completed with appointed counsel).

Here, the record reveals that appointed counsel had already completed discovery and prepared Hampton's case for trial over the course of several months before Hampton made the court aware of his attempt to hire new counsel. Hampton's appointed counsel had already announced that he was ready to proceed with trial before Hampton broached the issue of new counsel with the court. Hampton agreed to proceed with appointed counsel and then reversed course

when the counsel he was attempting to hire appeared in court after jury selection was already complete. Indeed, the record does not indicate that Hampton was even able to pay the attorney that he was still attempting to retain after his trial had already begun. The trial court did not abuse its discretion in prohibiting Hampton from delaying the trial any further and in allowing the trial to proceed with appointed counsel. See *Hobson v. State*, 266 Ga. 638, 638-639 (2) (469 SE2d 188) (1996); *Adams*, supra, 210 Ga. App. at 153 (1).

3. Hampton contends that his trial counsel was ineffective for failing to move for a directed verdict after the close of the State's case. Hampton, however, failed to raise this ground for ineffective assistance below, and has therefore waived this issue on appeal. *Hayes v. State*, 262 Ga. 881, 882 (2) (426 SE2d 886) (1993).

Moreover, even if the issue had been properly preserved, Hampton's argument would fail as a matter of law because, as we held in Division 1, the evidence here sufficed to sustain the conviction. See *Wright v. State*, 211 Ga. App. 474, 478 (5) (440 SE2d 27) (1993) (counsel's failure to move for a directed verdict cannot constitute ineffective assistance where evidence suffices to sustain conviction).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 29, 2005.

*Romin V. Alavi*, for appellant.

*Patrick H. Head, District Attorney, Philip A. Holloway, Amy H. McChesney, Assistant District Attorneys*, for appellee.