**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 11, 2015**

# In the Court of Appeals of Georgia

A14A2167. ALWI v. THE STATE.

MCMILLIAN, Judge.

A jury convicted Abdulrahman Hassan Alwi of rape, armed robbery, kidnapping with bodily injury, aggravated assault, and possession of a firearm during the commission of a crime, and he was sentenced to three consecutive life terms plus 25 years. Alwi appeals the denial of his motion for new trial, arguing as his sole enumeration of error that the trial court erred in denying his existing counsel's motion to withdraw and his proposed new counsel's motion for a continuance. We affirm for the reasons set forth below.

Alwi was indicted on September 12, 2012, and his trial counsel filed an entry of appearance on September 24, 2012. Alwi's counsel filed a motion to withdraw as counsel on March 18, 2013, the morning his case was scheduled for trial, asserting

that she and Alwi had "a conflict of irreconcilable differences as to how to proceed in this case"; that counsel had received information from the State as late as two days earlier, March 16, 2013; and that counsel had not been paid to continue the case. After the case was called, the trial court addressed the issue with counsel and Alwi. Alwi told the court that he was "not comfortable going to trial with my counsel I have right now" because they disagreed about how to defend his case. Alwi said it would take eight weeks to obtain new counsel. Although his counsel could not go into details due to attorney-client privilege, she said the issues between the two first arose during the preceding week and that the two were "diametrically opposed" on some issues. Alwi's counsel believed that they had reached an impasse that, in her opinion, could not be cured. The trial court denied Alwi's request for an eight-week continuance, but moved the case to second on the calendar, thus granting Alwi a two-day continuance.

Two days later, the case was again called for trial, at which time, Alwi's counsel informed the court that the two were still at an impasse; however, Alwi had been able to obtain new counsel, who was asking for a two-week continuance. In response, the trial court noted that Alwi's counsel had announced "ready" for trial one week or so before informing the court of the impasse, that the court was in the last

week of its criminal trial calendar, and that the next calendar would be months away. The trial court found that such a delay would be undue and because the conflict was one of trial strategy and not a conflict of interest such as that arising from the representation of co-defendants, the court denied the request for a continuance. Accordingly, the trial court informed Alwi that he had three options: proceed to trial with his old counsel, proceed with his new counsel instanter, or represent himself. Alwi opted to proceed with his old counsel.

On appeal, Alwi argues that the trial court's rulings were an abuse of discretion and denied him his Sixth Amendment right to counsel. "Motions for continuance seeking additional time to prepare for trial are addressed to the sound discretion of the trial court. We will uphold a trial court's ruling on a motion for continuance absent a clear abuse of discretion." (Citations and punctuation omitted.) *Eskew v. State*, 309 Ga. App. 44, 46 (1) (709 SE2d 893) (2011). See also *Harris v. State*, 119 Ga. 114, 116 (45 SE 973) (1903); *Johnson v. State*, 139 Ga. App. 829, 832 (1) (229 SE2d 772) (1976). Additionally, under the circumstances of this case, we review the trial court's ruling on counsel's motion to withdraw for an abuse of discretion. See *Registe v. State*, 287 Ga. 542, 544 (2) (697 SE2d 804) (2010); *Hampton v. State*, 272 Ga. App. 565, 566 (2) (612 SE2d 854) (2005).

"The Constitution of Georgia, Art. I, Sec. I., Par. V . . . has been interpreted to confer upon every criminal defendant the right to be represented by counsel of his own selection whenever he is able and willing to employ an attorney, and uses reasonable diligence to obtain his services." (Citation and punctuation omitted.) *Reid v. State*, 237 Ga. 106, 107 (2) (227 SE2d 24) (1976). And "[a] criminal defendant who is financially able to retain the services of an attorney has a constitutional right under the Sixth Amendment [of the U. S. Constitution] to secure counsel of his own choice . . . , [but] this does not mean that a defendant may retain any counsel at any time he wishes; there are limits to a defendant's right to counsel of choice." (Citation and punctuation omitted.) *Lynd v. State*, 262 Ga. 58, 62 (9) (a) (414 SE2d 5) (1992). Thus, "[a] defendant's right to counsel may not be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." (Citation and punctuation omitted.) Id. "Indeed, when a defendant attempts to hire new counsel for purposes of delay, a trial court does not abuse its discretion by prohibiting such conduct." *Hampton*, 272 Ga. App. at 566 (2).

Therefore, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." (Citation omitted.) *Lynd*, 262 Ga. at 62 (9) (a). Accordingly, a trial court must balance the defendant's constitutional right to the counsel of his choosing "against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice." (Citation omitted.) Id. at 62-63 (9) (a).

Here, the trial court engaged in such a balancing test. Weighing the fact that Alwi and his trial counsel, who was prepared for trial, disagreed regarding trial strategy against what the court determined was an undue delay in trying the case, the trial court chose to deny a continuance that would allow new counsel time to prepare.

> Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes. The law vests the determination of questions relating to the time of trial in the discretion of the trial judges; and this court will not interfere with their rulings on the subject, unless it is manifest that there has been an abuse of discretion.

*Harris*, 119 Ga. at 115-116. See also *Hampton*, 272 Ga. App. at 566-567 (2). Because we cannot say that the trial court's ruling in this case represented a clear and manifest abuse of discretion, we affirm.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*