McMlLLIAN, Judge.
During the plea colloquy prior to the entry of this non-negotiated plea, the trial court misstated, in defendant Jerry L. Gay, Jr.’s favor, the range of possible sentence for armed robbery, leading trial counsel to speculate later with his client that the trial court may have been indicating that he was not inclined to impose life imprisonment. Although the trial court referred to the correct sentencing range *243 before pronouncing judgment, the trial court should have permitted Gay to withdraw his guilty plea under the circumstances of this case. Accordingly, we now reverse the trial court’s denial of Gay’s motion to withdraw his guilty plea.
The standard for reviewing a denial of a motion to withdraw a guilty plea is well established. “After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court’s discretion and withdrawal of the plea is allowed only when necessary to correct a manifest injustice.” (Citations and punctuation omitted.) Allen v. State, 333 Ga. App. 853, 855 (2) (777 SE2d 699) (2015).
The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.
Id. Once a guilty plea is challenged, the State generally bears the burden of showing affirmatively from the record that the defendant entered his plea knowingly, intelligently, and voluntarily and with an understanding of the nature of the charges and the consequences of entering the plea. Maples v. State, 293 Ga.App. 232, 234 (2) (666 SE2d 609) (2008); Zellmer v. State, 273 Ga.App. 609, 611 (2) (615 SE2d 654) (2005).
Gay was initially charged with malice murder, armed robbery, two counts of possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer. After plea negotiations, Gay agreed to plea to voluntary manslaughter and armed robbery with the remainder of the charges to be dismissed. The State and Gay, however, were not able to agree to a sentence recommendation to present to the trial court. At the guilty plea hearing, it is undisputed that the trial court asked Gay with respect to the armed robbery charge: “Do you understand that carries a penalty range of ten to 20 years in prison?” to which Gay responded in the affirmative.
After the guilty plea hearing but before sentencing, trial counsel realized that the trial court had omitted the potential of a life sentence in describing the sentencing range for armed robbery Counsel also testified that he told Gay that the omission of the life sentence may indicate that the trial court was not going to impose a *244 life sentence.[1] To counsel’s credit, he brought the misstatement to the trial court’s attention prior to the sentencing hearing about a month later. The trial court then began the sentencing hearing by addressing Gay as follows:
You’re in court today for sentencing in your case. I have reviewed a presentence investigation report in your case, and I’ve reviewed material that your attorney has sent to me on your behalf. One thing I do want to do before we get started this morning is to make sure I properly advised you of the sentencing ranges in your cases when we took your plea of guilty. I believe I informed you that the voluntary manslaughter carried a penalty term of not more than twenty years in state prison and armed robbery carries a minimum mandatory of ten years and not more than twenty years or life. I just want to make sure I properly advised you of the sentencing range for both offenses.
The trial court then proceeded with the hearing, and after testimony from several witnesses, sentenced Gay to life imprisonment for the armed robbery and twenty years for the voluntary manslaughter. Two days later, Gay, through trial counsel, filed a motion to withdraw the guilty plea, which after amendment, was denied.
“As a matter of constitutional due process, before a defendant pleads guilty, the trial court must advise him of the ‘direct’ consequences of entering the plea[.]” Smith v. State, 287 Ga. 391, 394 (2) (a) (697 SE2d 177) (2010). “Direct consequences may be described as those within the sentencing authority of the trial court, as opposed to the many other consequences to a defendant that may result from a criminal conviction.” Id. Clearly, the sentencing range is within the direct authority of the trial court and thus must be considered a direct consequence of entering the plea.
However, our Supreme Court has held that the failure to advise a defendant of the sentencing range does not invalidate the guilty plea “when [the defendant] makes no claim that he was disadvantaged by the omission or even that he was in fact unaware of the possible sentence which could be imposed.” (Citation and punctuation omitted.) Adams v. State, 285 Ga. 744, 746-47 (3) (683 SE2d 586) (2009). See also Hill v. Hopper, 233 Ga. 633, 634 (212 SE2d 810) *245 (1975). The Supreme Court has further held that withdrawal of the guilty plea was not required to correct a manifest injustice when the trial court omitted telling the defendant what the mandatory minimum sentence was, but counsel testified that he correctly advised the defendant about the length of her sentence. Arnold v. State, 292 Ga. 95, 97 (2) (734 SE2d 382) (2012).
But none of these cases are controlling here. Akey factor in these cases is that the trial court’s error, if any, was the omission of the sentencing range, instead of an affirmative misrepresentation, which is what happened here. See Hill, 233 Ga. at 634 (“nor has he alleged that the possible sentence was affirmatively misrepresented”). Also, in each case, our Supreme Court noted that the sentence was negotiated, and the defendants were sentenced according to the plea bargain, notwithstanding the failure of the trial court to describe the sentencing range on the record. Adams, 285 Ga. at 746 (3) (“Appellant entered a negotiated guilty plea and received the sentence for which he bargained.”); Hill, 233 Ga. at 634 (“[Hill] has at no time claimed that the state made and breached any sort of plea bargain with him[.]”); see Arnold, 292 Ga. at 95 (“[p]ursuant to a negotiated plea”).
In contrast, Gay’s sentence was not negotiated, nor is this an “omission” or failure to inform case. Instead, the trial court misstated Gay’s sentencing range for armed robbery, which led trial counsel to speculate and raise the hope in Gay that the trial court would not impose life imprisonment at sentencing. Although the trial court then referred to the correct sentencing range at the sentencing hearing, it is clear from the face of the transcript that the trial court did not acknowledge the error and instead appears to compound the misstatement by asking Gay to confirm that the trial court stated the correct sentencing range at the guilty plea hearing. Cf. Pike v. State, 245 Ga. App. 518, 519-20 (1) (538 SE2d 172) (2000) (prosecutor drew defendant’s attention to misstatements made about sentencing range, stated the correct ranges, and emphasized “I’m correcting it at this time so that you will know.”) (punctuation omitted). And even though it is true, as the dissent points out, that Gay knew from a previous hearing that he could withdraw his plea at any time before he was sentenced, the trial court did not reiterate that right to Gay at the time the court “corrected” its earlier mistake. Further, although the dissent and the trial court in its order denying the motion both specifically rely on the testimony that Gay had been advised accurately by his counsel about the sentencing range, the issue in this case is not Gay’s knowledge of the sentencing range. Instead, the misstatement gave Gay the false impression that the trial court, who had the discretion to sentence within that range, may have been inclined to sentence him to twenty years instead of life.
*246 For these reasons, Gay should have been allowed to withdraw his guilty plea to correct a manifest injustice, and the judgment of the trial court must be reversed and the case remanded for further proceedings consistent with this opinion.

Judgment reversed and case remanded.

Barnes, P. J., Miller, P. J., Branch, Mercier, Reese, and Bethel, JJ., concur. Doyle, C. J., and McFadden, P. J., dissent.

 Gay testified that he did not recall counsel speaking to him about the trial court’s misstatement. However, the trial court in denying the motion to withdraw the guilty plea credited counsel’s testimony that he had extensively discussed the correct sentencing range with Gay.