**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 3, 2019**

# In the Court of Appeals of Georgia

A19A0400. LEE v. THE STATE.                                    GS-012C

GOSS, Judge.

On appeal from the denial of his motion to withdraw his guilty plea, Rudy Cameron Lee argues that he was not properly informed of the consequences of his plea, which rendered it defective, and that trial counsel was ineffective. We find no error and affirm.

"After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion and withdrawal of the plea is allowed only when necessary to correct a manifest injustice," such as where "a defendant is denied effective assistance of counsel." (Citations and punctuation omitted.) *Gay v. State*, 342 Ga. App. 242, 243 (803 SE2d 113) (2017).

Thus viewed in favor of the judgment, the record shows that while serving a prison sentence in Tatnall County, Lee was indicted in that county for murder (Count 1), two counts of felony murder (Counts 2 and 3), two counts of aggravated assault (Counts 4 and 5), street gang participation (Count 6), and riot in a penal institution (Count 7). On March 15, 2018, and pursuant to a negotiated plea agreement, Lee entered a plea of guilty to the lesser included offense of voluntary manslaughter as to Count 1 and to Counts 4, 5, 6 and 7. Lee was sentenced to 20 years to serve. Represented by new counsel, Lee filed a timely motion to withdraw his plea. After a hearing, the trial court denied the motion to withdraw. This appeal followed.

1. Lee first argues that his guilty plea was not knowingly, voluntarily, and intelligently entered because the trial court's explanation of the sentence was confusing. We disagree.

The parties agree that Lee's previous sentence, which he was serving at the time the plea at issue was entered, was 20 years with 10 to serve. The record shows that after the trial court established on the record that Lee's plea to the charges at issue was intelligent and voluntary, the following colloquy took place:

> THE COURT: It is the judgment of this Court, as to Count Number 1, Mr. Lee, that you serve 20 years to serve. Counts 4, 5, 6, and 7 are all 20

2

years to run concurrent. Count 1 is consecutive to the sentence that you're now serving. It starts, my understanding is, today - -

DEFENDANT LEE: It's consecutive?

THE COURT: - - because you had a lot of - -

[DEFENSE COUNSEL]: No, Judge. It's supposed to be concurrent to his existing sentence.

THE COURT: I'm sorry. They're all concurrent?

[PROSECUTOR]: Yes.

[DEFENSE COUNSEL]: All concurrent and concurrent to the existing sentence, Judge.

THE COURT: Concurrent to each other and concurrent to the sentence you are now servicing, which as I understand, will add some 18 years or…

[PROSECUTOR]: Approximately.

THE COURT: - - approximately 18 years to your sentence. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: That's the Court's understanding. Now, *whatever the law will allow - - I'll put that in the order: Whatever the law will allow you to have credit for, you'll be given credit for.*

[DEFENSE COUNSEL]: Thank you, Judge.

THE COURT: Do you understand that?

DEFENDANT LEE: Yes.

THE COURT: That's something I don't - - *I don't decide that. The Department of Corrections calculates that. Do you understand that*?

DEFENDANT LEE: *Yes, sir*.

THE COURT: All right. *So it's 20 years on all counts to run concurrent with each other and concurrent to the sentence you're now serving. Do you understand that?*

DEFENDANT LEE: Yes, sir.

THE COURT: All right. *Now that the Court has imposed its sentence, I'm going to give you a chance to withdraw it and have a trial. Do you wish to withdraw it, or do you wish for your plea to stand?*

DEFENDANT LEE: *Stand.*

THE COURT: So made the judgment of the Court.

4

[DEFENSE COUNSEL]: Judge, I would like to place on the record - - although, I know the Court has already addressed the issue of credit, I just want it on the record that he has been continually in the custody of the State of Georgia through the Department of Corrections since the date of the incident, July 19, 2012, - -

THE COURT: Okay.

[DEFENSE COUNSEL]: - - and has at no time posted a bond in Tattnall County, to the best of my knowledge.

THE COURT: Okay. So noted.

[DEFENSE COUNSEL]: Thank you, Judge.

THE COURT: That's the judgment of the Court.

(Emphasis supplied.)

After the hearing on the motion to withdraw, the trial court entered an order finding that Lee had been satisfied with his representation at the plea hearing, that Lee had understood that the court had "no control over what credit [Lee] might get" for time already served, and that with this understanding Lee had "still wished to enter a guilty plea." Concluding that Lee's plea had been entered "freely and

5

voluntarily, knowingly and intelligently," and that he had suffered "no manifest injustice," the trial court denied Lee's motion to withdraw his plea.

This record supports the factual conclusion that, after some initial confusion, the trial court explained and Lee understood that the new sentence would run concurrently with the previously imposed sentence, and that the Department of Corrections, not the trial court, would calculate the proper credit for time already served. It follows that the trial court did not abuse its discretion when it rejected Lee's assertion that his plea was not knowingly and voluntarily made. See *Covington v. State*, 196 Ga. App. 498, 498 (396 SE2d 298) (1990) (affirming denial of motion to withdraw guilty plea when a prosecutor had adequately explained a plea agreement, including a provision that the imposition of a sentence as consecutive or concurrent would be "left up to the [c]ourt").

2. Lee also asserts that his trial counsel was ineffective because counsel did not explain adequately whether Lee would receive credit for time served. We disagree.

"[W]hen a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated under the two-prong test set forth in *Strickland v. Washington*, [466 U.S. 668, 104 SCt 2052, 80 LE2d 674 (1984)]," deficient performance and prejudice. *Alexander v.*

6

*State*, 297 Ga. 59, 64 (772 SE2d 655) (2015). When reviewing a trial court's ruling on the effectiveness of trial counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

At the hearing on Lee's motion to withdraw his plea, trial counsel testified that he advised Lee before the hearing that because Lee was serving "a sentence for other charges," he "[might] not be entitled to credit [for time served] as a matter of law," and that he would likely receive such credit only from the date of the plea itself. The trial court was entitled to believe this testimony and to reject Lee's testimony to the contrary as it drew the conclusion that trial counsel had performed effectively, and we affirm this factual conclusion as not clearly erroneous. See *Gower v. State*, 313 Ga. App. 635, 637 (722 SE2d 383) (2012) (trial court was entitled to disbelieve defendant's self-serving testimony in favor of that by defendant's trial counsel as it concluded that counsel was not ineffective, such that there was no abuse of discretion in denying defendant's motion to withdraw his plea).

*Judgment affirmed. McFadden, P. J., and McMillian, J., concur.*

7