**DISSENT; Opinion Filed November 30, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00770-CR**
_____

**MARLON JUAN LALL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-21-0335**

## DISSENTING OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Officer Pope did not have reasonable suspicion to continue to detain appellant Marlon Juan Lall in order to conduct a canine search of his vehicle after the traffic investigation admittedly terminated with "zero indicators" of the presence of drugs. The majority errs by holding otherwise. Moreover, the majority relies on appellant's invocation of his Fourth Amendment rights—refusing consent to search his vehicle immediately prior to his unauthorized detention—as a basis for the unlawful invasion of those very rights. I respectfully dissent.

*The majority fails to apply controlling law in upholding
appellant's continued detention and search*

Officer Pope testified he detained appellant because appellant was following another vehicle too closely and for an obstructed license plate. *See* TEX. TRANSP. CODE ANN. §§ 545.062(a), 504.945(a)(5). Officer Pope issued appellant a verbal warning for both of these traffic violations. Officer Pope acknowledged on cross-examination, "*From that point on, the purpose of the stop is done.*" Officer Pope also acknowledged on cross-examination that when the traffic investigation terminated, he had "*zero indicators*" that drugs were in appellant's vehicle. When appellant subsequently refused to consent to a search of his vehicle Officer Pope continued appellant's detention to effectuate the canine search. Officer Pope told appellant, "All right, so, I'm going to run my canine around your vehicle. As long as he doesn't alert to the scent of narcotics on the vehicle, then uh, you'll be free to go at that time." Officer Pope testified that drugs were found in appellant's vehicle as a result of the canine sweep and subsequent search. The majority does not contest these facts. Majority Op. at 2, 7-8, 13-14, 16.

*Rodriguez v. United States* held that authority for a traffic stop terminates "when tasks tied to the traffic infraction are—or reasonably should have been completed." 575 U.S. 348, 354 (2015). *Rodriguez* provides, absent reasonable suspicion of criminal activity, that police cannot prolong a traffic stop to conduct a

dog sniff. *Id.* at 350-51, 355. The majority concedes there is "no question" that the canine sweep "prolonged the stop." Majority Op. at 14.

This should be the end of the majority's analysis. Officer Pope did exactly what *Rodriguez* prohibits: He prolonged the traffic stop to conduct the canine search after the traffic investigation had terminated without additional reasonable suspicion of criminal activity.

The State argues that appellant's failure to consent to search his vehicle provided reasonable suspicion, but only if combined with Officer Pope's perception of appellant's nervousness and knowledge of his recent whereabouts. Appellant's refusal to consent occurred *after* the traffic investigation terminated with "zero indicators" of drugs in appellant's vehicle. The other bases for appellant's detention (appellant's nervousness and recent whereabouts) were either: (1) known by Officer Pope before the traffic investigation had terminated, or (2) were unknown to Officer Pope until after the canine sweep. The only additional fact was appellant's assertion of his rights guaranteed by the Fourth Amendment.

The State cannot base reasonable suspicion on events occurring after completion of a traffic investigation, such as appellant's refusal to give consent. *See Richardson v. State*, 494 S.W.3d 302, 306 (Tex. App.—Waco 2015, no pet.) (citing *Rodriguez*, 575 U.S. at 354–55, *St. George v. State*, 237 S.W.3d 720, 726 (Tex. Crim. App. 2007) (no reasonable suspicion to continue detention when deputies did not

–3–

learn passenger misidentified himself until after driver was issued a warning citation), and *Kothe v. State*, 152 S.W.3d 54, 63–64 (Tex. Crim. App. 2004)).

The majority urges that when considering possible factors supporting reasonable suspicion, "the whole is often greater than the sum of its parts—especially when the parts are viewed in isolation." Majority Op. at 17 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018)). Not so here, where "zero indicators" of drugs in appellant's car *during* the traffic investigation, plus zero reasonable suspicion due to appellant's refusal *after* the traffic investigation had ended, equals zero.

### *This Court should not use assertion of Fourth Amendment rights as reason to invade those rights*

I also dissent because no Texas Court should consider refusal to waive one's civil liberties, in this case to consent to a search, as a factor supporting reasonable suspicion. The majority's authority fails to make a compelling case to the contrary. *See* Majority Op. at 19 (citing *Wade v. State*, 422 S.W.3d 661, 674 (Tex. Crim. App. 2013) (noting the "Supreme Court has never said that a refusal to cooperate with a consensual search or encounter is irrelevant")). In *Wade*, the Texas Court of Criminal Appeals declined to hold that a refusal to cooperate with a police request during a consensual encounter can never be a factor in determining whether an investigative stop was justified, but it cannot be the prominent factor. *Wade*, 422 S.W.3d at 674–75. Here, it is the only additional factor. *Wade* does not require or

–4–

encourage this Court to consider refusal to consent as a factor supporting reasonable suspicion. The majority cites to one of our sister court's opinions that relies on refusal to consent to a search as evidence of reasonable suspicion. *See* Majority Op. at 19 (citing *Medellin v. State*, Nos. 02-10-00002-CR, 02-10-00003-CR, 2011 WL 2119668, at *5 (Tex. App.—Fort Worth May 26, 2011, no pet.) (mem. op., not designated for publication)). This Court is not bound by the opinions of our sister courts. *See Tiller v. State*, No. 05-21-00653-CR, 2022 WL 2093008, at *2 (Tex. App.—Dallas June 10, 2022, no pet.) (mem. op.) (collecting opinions). The opinion of our sister court, and the principle announced in the majority opinion, are erroneous. The principle announced by the majority relies on a nonbinding opinion that I would reject as erroneous.

Officer Pope presented appellant a Hobson's choice: invoke his Fourth Amendment rights, giving rise to reasonable suspicion, or not invoke those rights, allowing unwanted government intrusion. To be sure, fundamental constitutional rights may be waived. *See, e.g., Ex Parte Cox*, 482 S.W.3d 112, 117 (Tex. Crim. App. 2016) (the right to trial by jury, the right to confront one's accusers, the right to present witnesses in one's defense, the right to remain silent, the right to be convicted only by proof beyond a reasonable doubt, and the right to appeal). However, this Court should not perpetuate the majority's "heads I win, tails you lose" approach to the assertion of constitutionally guaranteed rights. We should instead follow the opposite, and prevailing, view. *See* 4 WAYNE R. LAFAVE, SEARCH

–5–

& SEIZURE § 8.1, at 5 n.10 (6th ed. 2020) ("Mere refusal to consent to a search does not alone establish probable cause, or even reasonable suspicion. . . . Moreover, under the prevailing view such refusal may not even be considered with other information in making a determination of probable cause or reasonable suspicion.").[1]

The people ratified the Bill of Rights to prevent government abuse. When the assertion of a Fourth Amendment right gives rise to reasonable suspicion of criminal activity on the part of the people, it is not a right. *Cf. United States v. Williams*, 271 F.3d 1262, 1268 (10th Cir. 2001) ("From the time the officer indicated that Mr. Williams was free to go to the arrival of the canine drug unit, the only significant event was Mr. Williams' refusal to allow the officer to search the rental car. From the outset, we recognize that 'consideration of such a refusal would violate the Fourth Amendment.'").

I respectfully dissent.

210770f.p05

/Bill Pedersen, III/
———————————————————
BILL PEDERSEN, III
JUSTICE

---

[1] Citing *United States v. Massenburg*, 654 F.3d 480 (4th Cir. 2011) (prevailing view); *United States v. Boyce*, 351 F.3d 1102 (11th Cir. 2003) (same); *Graves v. City of Coeur D'Alene*, 339 F.3d 828 (9th Cir. 2003) (same); *United States v. Smith*, 263 F.3d 571 (6th Cir. 2001) (same); *United States v. Fletcher*, 91 F.3d 48 (8th Cir. 1996) (same); *United States v. Torres*, 65 F.3d 1241 (4th Cir. 1995) (same); *Karnes v. Skrutski*, 62 F.3d 485 (3d Cir. 1995) (same); *United States v. Skidmore*, 894 F.2d 925 (7th Cir. 1990) (same); *Miley v. State*, 279 Ga. 420, 614 S.E.2d 744 (2005) (same); *State v. Jones*, 678 N.W.2d 1 (Minn. 2004) (same); *State v. Vandenberg*, 134 N.M. 566, 81 P.3d 19 (2003) (same); *State v. Ballard*, 617 N.W.2d 837 (S.D. 2000) (same); *Damato v. State*, 64 P.3d 700 (Wyo. 2003) (same); and comparing *Kinlin v. Kline*, 749 F.3d 573 (6th Cir. 2014); *Wilder v. Turner*, 490 F.3d 810 (10th Cir. 2007); *Miller v. Harget*, 458 F.3d 1251 (11th Cir. 2006); *United States v. Yang*, 345 F.3d 650 (8th Cir. 2003); *State v. Maddox*, 670 N.W.2d 168 (Iowa 2003); *Wade v. State*, 422 S.W.2d 661 (Tex. Crim. App. 2013).