

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0700-22

**MARLON JUNA LALL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### ROCKWALL COUNTY

*Per curiam.* Keller, P.J., and Keel, J., concurred.

## O P I N I O N

The State charged Appellant with possession with intent to deliver more than 4 but less than 200 grams of methamphetamine based in part upon evidence seized after a canine sniff of Appellant's vehicle during a traffic stop. Tex. Health & Safety Code Ann. § 481.112(a). Appellant filed a motion to suppress arguing that the police officer lacked

reasonable suspicion to prolong the traffic stop to conduct the canine sniff of his vehicle. The trial court denied Appellant's motion and the case went to trial. A jury found Appellant guilty and assessed punishment at forty years in prison.

Appellant argued on appeal that the trial court erred in denying his motion to suppress. In holding that the police officer had reasonable suspicion to prolong the stop for the canine sniff, the court of appeals relied in part on the fact that Appellant refused consent for the officer to search his vehicle even though Appellant was legally entitled to refuse consent at the time of the request. *See Lall v. State*, 656 S.W.3d 830, 844 (Tex. App. – Dallas 2022, pet. granted) ("And while appellant correctly observes that refusal of consent to search cannot form the sole basis for reasonable suspicion, it can be a factor in the analysis. Here, appellant's consent to a search of his person but not the vehicle factors in the reasonable suspicion analysis.") (internal citations omitted). Justice Pedersen dissented in part on the basis that the majority should not have considered Appellant's lawful refusal to consent as any indication of criminal activity for purposes of making a reasonable suspicion determination. *Id.* at 848-50 (Pedersen III, J. dissenting).

Appellant filed a petition for discretionary review asserting two grounds for review. First, Appellant argues that "[t]he Court of Appeals's majority erred in viewing Appellant's refusal to give consent to search his vehicle as an indicium of criminal activity." Second, Appellant argues "[t]he Court of Appeals's majority erred in holding that Officer Pope had reasonable suspicion to prolong Appellant's detention to conduct a canine sniff after the purpose of the traffic stop had concluded." We filed and set this case to consider these arguments. We agree with Appellant on the first ground that the court of appeals erred in

viewing Appellant's lawful refusal to give consent to search his vehicle as any indicium of criminal activity, and we will remand for the court of appeals to consider the second ground without consideration of Appellant's refusal to consent.

In *Wade v. State*, this Court considered whether a citizen's lawful refusal to consent to a search or cooperate with an officer during an otherwise consensual encounter could support the reasonable suspicion determination necessary for a *Terry* pat-down search or investigative detention. *Wade v. State*, 422 S.W.3d 661, 668-69 (Tex. Crim. App. 2013). In that case, the only evidence giving rise to reasonable suspicion was the defendant's refusal to consent to a search of his truck, his extreme nervousness, and his refusal to answer the officer's questions about whether he had weapons or contraband. *Id.* at 669. We held that neither nervousness nor a refusal to cooperate with law enforcement during a consensual encounter are sufficient by themselves to constitute reasonable suspicion for a detention. *Id*. at 670. Nor could the "action of standing on [one's] rights" be "the tipping point in the reasonable suspicion calculus." *Id*. at 669. The State seizes on this aspect of our holding in *Wade* to suggest that even though a defendant's actions of standing on his rights cannot serve as the "tipping point" in a reasonable suspicion determination, it still may be considered along with other articulable facts. We disagree.

*Wade* does not require or encourage consideration of the refusal to consent as a factor supporting reasonable suspicion. Rather, *Wade* stands for the proposition that an otherwise lawful refusal to consent to a search or cooperate with law enforcement cannot, by itself, establish reasonable suspicion. *Wade*, 422 S.W.3d at 675 (reasoning that the officer "needed some objective, factual justification – outside of appellant's withdrawal of

consent – to support the detention"). Though we did suggest that a citizen's refusal to cooperate with police during a consensual encounter could be a factor in determining whether an investigative detention was justified, so long as it was not the triggering fact, that statement is at odds with our conclusion that a refusal to cooperate, by itself, cannot provide the basis for a detention. *Id.* at 668. That suggestion is also at odds with the way we analyzed the issue in *Wade*. After noting that a lawful refusal to consent could not provide a basis for detention by itself, we went on to consider the facts *outside* of Wade's refusal to cooperate. Looking only at those facts and not Wade's choice to stand on his rights, we concluded that there were no objective indicia of reasonable suspicion sufficient to justify a detention or frisk. *Id.* at 675. In other words, Wade's lawful withdrawal of consent, by itself, provided no indicium supporting reasonable suspicion and would not, as a matter of logic, have added anything to the reasonable suspicion calculus. Ultimately, our observation that the lawful refusal to consent could not be the prominent factor in the reasonable suspicion calculus was not necessary to our holding and we expressly disavow it.

As the dissent observed below, "[t]he people ratified the Bill of Rights to prevent government abuse. When the assertion of a Fourth Amendment right gives rise to reasonable suspicion of criminal activity on the part of the people, it is not a right." *Lall*, 656 S.W.3d at 850 (Pedersen III, J. dissenting); *see also Florida v. Bostick*, 501 U.S. 429, 437 (1991) (noting that "a refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure"). This view is consistent with the view of most jurisdictions that lawful refusal to consent may not be considered in

making a determination of probable cause or reasonable suspicion. *See*, *e.g.*, *United States v. Skidmore*, 894 F.2d 925, 927 (7th Cir.) ("a law enforcement official cannot consider [defendant's] refusal to consent as a factor in the official's determination of reasonable suspicion"); *United States v. Machuca-Barrera*, 261 F.3d 425, 435 n. 32 (5th Cir. 2001) ("The mere fact that a person refuses consent to search cannot be used as evidence in support of reasonable suspicion."); *United States v. Wood*, 106 F.3d 942, 946 (10th Cir. 1997) ("The failure to consent to a search cannot form any part of the basis for reasonable suspicion."); *Miley v. State*, 614 S.E.2d 744, 745 (Ga. 2005) (defendant's refusal to consent was "the exercise of a constitutionally protected right available to any person . . . and should have been disregarded in evaluating the sufficiency of the affidavit to show probable cause"); *Damato v. State*, 64 P.3d 700, 708 (Wyo. 2003) ("The failure to consent to a search cannot form any part of the basis for reasonable suspicion . . . [and] has no place in our determination."); *State v. Vandenberg*, 134 N.M. 566, 578 (2003) (defendants' refusal to consent is not a relevant fact to consider in determining whether officer had reasonable suspicion to support a *Terry*-frisk).

The court of appeals should not have considered Appellant's lawful refusal to consent to the search of his truck when determining if the facts of this case gave rise to reasonable suspicion. Instead, the court of appeals should have considered the facts outside of Appellant's refusal to determine if those facts gave rise to reasonable suspicion, just as we did in *Wade*. *Wade*, 422 S.W.3d at 675. Because the court of appeals considered Appellant's lawful refusal to consent as a factor in its reasonable suspicion analysis, we need not reach Appellant's second ground for review. Instead, we vacate the judgment of

the court of appeals and remand the case so that the court of appeals may have an opportunity to conduct a reasonable suspicion analysis without considering Appellant's refusal to consent.

Filed: March 27, 2024

Publish